WALTER L. OWENS, BY NEXT FRIEND, DEFENDANT IN
ERROR, v. ASSOCIATED REALTIES CORPORATION
(IMPLEADED, &c.), PLAINTIFF IN ERROR.

Argued March 15, 1911—Decided June 19, 1911.

Plaintiff recovered a judgment for damages for personal injuries sustained by him through coming into contact with high tension electric wires maintained in the tower of defendant's amusement pier in Atlantic City. Upon review by writ of error, the evidence was examined and *held* sufficient to raise questions for the jury as to (1) whether plaintiff was invited to go upon the pier; (2) whether the invitation extended to the tower; (3) whether defendant was negligent in maintaining the electric wires in the place referred to, and (4) whether plaintiff was guilty of contributory negligence.

On error to the Supreme Court.

For the plaintiff in error, *Thompson & Smathers.*

For the defendant in error, *Ulysses G. Styron* and *Malcolm G. Buchanan.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR.   In this action the plaintiff recovered damages for injuries sustained by him while he was upon the amusement pier of the defendant, in Atlantic City, by coming into contact with certain high tension electric wires maintained in the cupola of the pier, as a result of which plaintiff's body was burned.

The sole reason relied upon for reversal is the denial by the trial judge of motions for nonsuit and for direction of a verdict in favor of the defendant below, now plaintiff in error. These motions were rested upon the grounds—(*a*) that there was no evidence of negligence on the part of the defendant; (*b*) that the plaintiff was guilty of contributory negligence; and (*c*) that the plaintiff was a trespasser.

Plaintiff's right to visit that part of the pier where he was injured must rest, if at all, upon an invitation, express or im-

plied, from the owner. Upon this point the case shows that the defendant owned and controlled a large structure known as "The Million Dollar Pier," extending for a distance of one thousand feet or thereabouts into and over the waters of the Atlantic ocean, and there conducted amusements and exhibitions of various kinds, and that the pier was open to the public upon payment of admission fees. There was evidence from which the jury was warranted in finding that employes of defendant in charge of admissions to the pier had given to the plaintiff (who was a boy about fifteen years of age) the privilege of entering the pier and visiting the various parts of it without paying the ordinary admission fee, in compensation for services performed by him as an attendant upon some of the exhibitions held upon the pier. It was objected that those who had given to the plaintiff this permission had no right to give it, because not authorized by the defendant to do so. The evidence, however, if believed, showed such a continued practice of employing the plaintiff and compensating him as mentioned that it was open to the jury to infer that those who gave him the admission privilege had the implied authority of the defendant to give it in exchange for the services that plaintiff rendered.

Since he was there by defendant's invitation, the law imposed upon the defendant the duty of exercising care for his safety while going about upon the pier within the scope of the invitation.

As to this, we think the evidence does not show a limitation of the invitation to the ground floor or to any other particular part of the pier, but that it was open to the jury to find that it extended to the tower of the cupola.

There was also, we think, clear evidence of negligence on the part of the defendant in permitting highly-charged electric wires to be in such a position that one going into the tower, as the plaintiff went, might come into contact with the wires and receive a harmful electric shock.

The question of plaintiff's negligence likewise was at the utmost a question for the jury.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BOGERT, CONGDON, SULLIVAN, JJ. 8.

*For reversal*—PARKER, BERGEN, VOORHEES, MINTURN, VREDENBURGH, JJ. 5.