CORNELIA ANDRE, BY HER NEXT FRIEND, PLAINTIFF AND RESPONDENT, v. FREDERICK MERTENS ET AL., DEFENDANTS AND APPELLANTS.

Argued December 1, 1915—Decided March 6, 1916.

1. In passing upon motions to nonsuit and for the direction of a verdict, the court cannot weigh the evidence, but must take as true all evidence which supports the view of the party against whom the motions are made, and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor.

2. The proprietor of a theatre conducted for reward or profit, to which the general public are invited to attend performances, must use ordinary care to make the premises as reasonably safe as is consistent with the practical operation of the theatre, and if he fails in this duty he may be held liable for personal injuries occasioned thereby; and this rule applies to the proprietor of a moving picture show.

3. When the evidence tended to show that the proprietor of a moving picture theatre assumed to provide lights for the stairway leading to the balcony, and that he failed to provide such light, and that such failure resulted in the fall and injury of the plaintiff, one of his patrons, the question of the proprietor's negligence was for the jury and not for the court.

4. It is not contributory negligence as a matter of law for a patron of a moving picture show to attempt to leave before the exhibition is finished.

5. It is not contributory negligence as a matter of law for a patron of a moving picture show to descend a dark and unlighted stairway leading from the balcony, it appearing that such stairway was the only means of exit, that there was no usher there to whom she could have applied to make a light, that she had used the stairway before, when it was lighted, and thought she could safely descend, and that she took hold of the hand-rail along the side of the stairway and proceeded slowly and carefully.

6. The question being whether a patron was guilty of contributory negligence in descending an unlighted stairway of a moving picture theatre, it is competent for such patron to show that at the time there was no usher present to whom she could apply to make a light.

On appeal from the Hudson County Circuit Court.

For the appellants, *Weller & Lichtenstein.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

TRENCHARD, J. In this action the plaintiff recovered a verdict for injuries sustained in falling down the stairs of the defendants' moving picture theatre, and the defendants below appeal from the judgment entered upon the verdict.

The first reason relied upon for a reversal is the denial by the trial judge of motions to nonsuit and for the direction of a verdict in favor of the defendants.

Both motions were rested upon the grounds—*first,* that there was no evidence of the defendants' negligence, and *second,* that the plaintiff was guilty of contributory negligence.

We are of the opinion that the motions were properly denied, for reasons we will now state.

Of course, in passing upon motions to nonsuit and for the direction of a verdict, the court cannot weigh the evidence. but must take as true all evidence which supports the view of the party against whom the motions are made, and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor.

So considered, the evidence, when both motions were made, clearly left it open to the jury to find the following matters of fact:

On October 27th, 1914, at eight P. M., the plaintiff, a girl nineteen years old, went to the moving picture theatre, of which the defendants were the proprietors, and paid the admission fee of fifteen cents at the window outside. She then went in, passed through the lobby, ascended a stairway leading to the balcony, took a seat and there remained for one hour and a half. Then, having seen all she cared for, and wishing to depart, she went to the head of the stairway, and, finding that the stairway was unlighted and so dark that she could not see, paused to "feel" her way. Taking hold of the hand-rail along one side of the stairway, she proceeded slowly

and carefully down the stairs. When she reached a turn in the stairs she lost her footing and fell to the platform below, and thereby was injured. It was also open to the jury to find certain other matters of fact that will be stated in the course of this opinion.

We think the question of the defendants' negligence was for the jury.

The proprietor of a theatre conducted for reward or profit, to which the general public are invited to attend performances, must use ordinary care to make the premises as reasonably safe as is consistent with the practical operation of the theatre, and if he fails in this duty he may be held liable for personal injuries occasioned thereby; and this rule applies to the proprietor of a moving picture show. *Owens* v. *Associated Realties Corporation*, 81 *N. J. L.* 586; *Branch* v. *Klatt*, 165 *Mich.* 666; 131 *N. W. Rep.* 107; same case after retrial, 138 *Id.* 263; *Valentine Company* v. *Sloan*, 101 *N. E. Rep.* 102.

Tested by that rule it will be seen that, in the case at bar, the question whether the defendants were negligent in failing to provide a light was for the jury, for the evidence tended to show that the defendants had assumed to provide lights for the stairway, and that their failure to provide them on the occasion of the plaintiff's exit resulted in her injury. *La Brasca* v. *Hinchman*, 81 *N. J. L.* 367.

Also, we think that the question of the contributory negligence of the plaintiff was for the jury.

It is said that she was clearly negligent in ascending the unlighted stairs. She was not hurt in ascending the stairs, but the conclusive answer to that contention is that it is not well founded in fact. It was open to the jury to find that when she went up the stairs she was able to see by means of light that came through a doorway that was then open.

It is next argued that the plaintiff was negligent, as a matter of law, in attempting to leave the theatre before the show was finished. Not so. The defendants commonly exhibited the same pictures over and over again on the same evening, and it was quite usual for patrons to depart at any time.

It is also contended that she was guilty of negligence in descending the stairway in its dark and unlighted condition. But we think it did not conclusively appear that she was negligent. It was open to the jury to find from the evidence that such stairway was the only means of exit, and that there was no usher there to whom she could have applied to make a light. She had used the stairway before when it was lighted, and thought she could safely descend. She took hold of the hand-rail along one side of the stairway and proceeded slowly and carefully. We think, therefore, that it must be conceded that fair-minded men might honestly conclude that her conduct in proceeding as she did was that of a reasonably prudent person under the circumstances existing at the time. That being so, it cannot be said, as a matter of law, that it was negligence for her to descend the stairs. *Pesin* v. *Jugovich*, 85 *N. J. L.* 256; *Kargman* v. *Carlo, Id.* 632; *Branch* v. *Klatt, supra;* 131 *N. W. Rep.* 107; *Valentine Company* v. *Sloan, supra.*

Lastly, it is argued that the trial judge erred in permitting the plaintiff to be asked by her counsel whether, as she went to the stairs, there was any usher present.

We think that was not erroneous. One of the issues was whether the plaintiff was guilty of contributory negligence in descending the unlighted stairs. It was, therefore, material for her to show that, when she did so, there was no usher present to whom, in the exercise of reasonable care, she should have appealed to make a light.

These conclusions dispose of every question argued.

The judgment below will be affirmed, with costs.

*For affirmance*—The Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Terhune, Heppenheimer, Williams, JJ. 13.

*For reversal*—None.