CHARLES E. SMITH, ADMINISTRATOR, &c., RESPONDENT,
v. BRUNSWICK LAUNDRY COMPANY, APPELLANT.

Argued June 25, 1919—Decided November 17, 1919.

1. The Court of Errors and Appeals has no power to review or
   determine the weight of evidence, or consider whether the amount
   of the verdict is excessive.
2. Where the remarks of counsel for plaintiff in addressing the jury
   are improper, the correct practice is to ask the trial court to
   admonish counsel against making such remarks, or request the
   trial court to charge the jury to disregard them. A refusal of
   the court to interpose, where otherwise the right of the party
   would be prejudiced and an exception to the trial judge's re-
   fusal lays the basis for a valid assignment of error, requiring a
   reversal of the judgment, where there is legal error. *Blackman*
   v. *West Jersey, &o., Railroad Co.,* 68 N. J. L. 1, and *See* v.
   *Public Service Railway Co.,* 82 *Id.* 144, approved and followed
   on this point.
3. A refusal by the trial court to withdraw a juror or grant a non-
   suit for improper remarks by counsel is discretionary on the part
   of the trial judge and cannot be reviewed on appeal.

On appeal from the Hudson County Circuit Court.

For the appellant, *William Hauser.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

BLACK, J. The defendant was sued in the Hudson Cir-
cuit Court to recover damages under the Death act, for caus-
ing the death of Ethel Smith, a minor three and a half years
old, on the afternoon of September 23d, 1918, on Romain
avenue, in Jersey City. The trial resulted in a verdict for
the plaintiff. The child met her death by a backing of an
automobile truck, or closed electric delivery wagon, upon her,
owned by the defendant, and operated at the time by its
servant.

There are four grounds of appeal, of which the first three are: The verdict is contrary to the evidence; it is contrary to the charge of the court; and the damages are excessive. These are not proper grounds of appeal. They are matters pertinent for a rule to show cause on an application for a new trial. This court has no power to review or determine the weight of evidence (*Savino* v. *Goldberg*, 92 *N. J. L.* 617), or consider whether the amount of the verdict is excessive. *Flanigan* v. *Guggenheim Smelting Co.*, 63 *Id.* 647. The only other ground of appeal is that the jury was prejudiced against the defendant, by the remarks of counsel for the plaintiff in his summing up to the jury. Turning to the record it discloses that objectionable remarks were made by the plaintiff's counsel concerning the defendant's counsel's failure to produce a picture or photograph of the automobile truck or closed electric delivery wagon, which was the cause of the child's death. The photograph, it was remarked, would show the size and kind of car and how high it was from the ground. "Mr. Hauser—Now, if your Honor please, I wish to ask for a nonsuit and the withdrawal of a juror." The trial court refused it. The first was not error and the latter was discretionary with the trial judge. This refusal by the trial judge, which was discretionary, is not a ground for reversal. The correct practice in such a situation is pointed out by Chief Justice Gummere in the case of *Blackman* v. *West Jersey, &c., Railroad Co.*, 68 *Id.* 1, 4, in which he quotes at length from the case of *Williams* v. *Brooklyn Elevated Railroad Co.*, 126 *N. Y.* 96, from the New York Court of Appeals. The practice, there stated and commended, was restated with approval by Mr. Justice Kalisch in the case of *See* v. *Public Service Railway Co.*, 82 *N. J. L.* 146. There it is stated counsel should have made a request to the court, either to admonish plaintiff's counsel or to charge the jury to disregard the objectionable remarks. A failure to so do, by the trial court and exception thereto, would lay the basis for a valid assignment of error. It is the plain duty of the court, upon objections made, to interpose and a refusal of the court to interpose, where otherwise the right of the party would be prejudiced, is ground for

legal error. There was, however, no refusal of the court to interpose in this case. The trial court did, in fact, after refusing the above motion, admonish the plaintiff's counsel.

This point was discussed in the case of *State* v. *Terry*, 91 *N. J. L.* 539, 543. See, also, *Hahn* v. *Delaware, &c., Railroad Co., Id.* 277; *post p.* 463.

We may add, however, that while the remarks of counsel objected to were improper, they were not such as should cause a reversal of the judgment.

The judgment will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.