HENRY A. DANNER, BY HIS FATHER AND NEXT FRIEND FREDERICK C. DANNER, AND FREDERICK C. DANNER, IN HIS OWN RIGHT, PLAINTIFFS-RESPONDENTS, v. EDWARD P. KENNEDY AND GUSTAVE PANOKE, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-APPELLANTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellants, *Carr & Carroll* (*Walter R. Carroll,* of counsel).

For the respondents, *Horace G. Brown* (*Asa M. Stackhouse,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. The plaintiffs below, one the driver and the other the owner of plaintiff's automobile, recovered a

verdict and judgment against both the driver and the owner of defendant's automobile for damages sustained by the plaintiffs in a collision between such automobiles at a highway intersection, and the defendants appeal.

The defendants first say that the trial judge erred in refusing to grant a motion for nonsuit based upon the ground of the contributory negligence of the plaintiff driver.

We think not.

In passing upon a motion to nonsuit upon the ground of the plaintiff's contributory negligence, the court cannot weigh the evidence, but must take as true all evidence which supports the plaintiff's view and must give the plaintiff the benefit of all legitimate inferences which may be drawn therefrom in his favor; and where the proven facts and circumstances are such that reasonable minds may reasonably differ as to the fair inference or conclusion to be drawn therefrom as to whether or not the plaintiff exercised reasonable care for his own safety, a jury question is presented and the motion to nonsuit must be denied. *Andre* v. *Mertens,* 88 *N. J. L.* 626; 96 *Atl. Rep.* 893; *Cady* v. *Trenton and Mercer, &c., Corp.,* 104 *N. J. L.* 572; 141 *Atl. Rep.* 806.

In the present case, regard being had to such rules, the nonsuit was properly denied, for under the evidence, it was open to the jury to find, if they saw fit, the following matters of fact:

The accident occurred at five-thirty P. M., on June 30th, 1931, daylight saving time, on a dry, clear day, at a right angle intersection of two much traveled highways in a sparsely settled country district, one a gravelled road and the other a concrete road. The plaintiff Henry A. Danner, driving the automobile of the other plaintiff, approached such intersection upon the gravelled highway. The automobile of the defendant Kennedy, driven by the other defendant, approached such intersection from the plaintiff's left on the concrete highway. The plaintiff driver brought his car to a complete stop, as required by the "stop sign" there, when the front wheels of his car were four or five feet back from the near edge of the intersecting concrete

highway. At that point, as he sat in his automobile, the plaintiff driver's view of the concrete highway to his right was partly obscured by a building, and to his left, beyond four hundred feet, by a mound, but he had an unobstructed view of the full width concrete highway to his left for a distance of four hundred feet. As he stopped, a car coming from his left over the concrete road was "just going by" the intersection. As that car was passing he looked both to his left and to his right, and saw nothing coming from either direction and heard no warning. There being no traffic light or other traffic regulation there, he then put his car in first gear, entered the intersection and had crossed the concrete road except for his rear wheels, when the defendant's car, coming from plaintiff's left along the concrete road at a speed of more than fifty miles an hour, suddenly and without warning hit the plaintiff's car on its left side and inflicted the damage for which suit was brought.

It is not argued, and could not well be, in view of the evidence, that the plaintiff driver failed in his duty to bring his car to a complete stop as required by the "stop sign." *Pamph. L.* 1928, *p.* 739. The sole contention is that he "was guilty of contributory negligence because he failed effectively to exercise his powers of observation at the intersection." But the most that can be said in support of that contention is that such question was for the jury. Where, as here, the evidence tends to show that the plaintiff at a highway intersection, at which there were no traffic lights or other traffic regulation excepting a statutory "stop sign" (*Pamph. L.* 1928, *p.* 739), before starting to cross properly brought his automobile to a complete stop and then had an unobstructed view of the full width of the intersecting highway for a distance of four hundred feet to his left, looked both ways and saw no automobile approaching and heard no warning, and then started to cross, and then suddenly and without warning, his automobile was hit by the defendants' automobile coming from the plaintiff's left at a speed of more than fifty miles an hour, just as plaintiff had completed the crossing of the intersection—a motion to nonsuit on the ground that he

"was guilty of contributory negligence because he failed effectively to exercise his powers of observation" was properly denied because a jury question was presented. It will be observed that it was open to the jury to infer from such evidence, if they saw fit, that the plaintiff driver extended his observation for a distance within which automobiles moving at a lawful speed would endanger him, and saw none. *Newark Passenger Railway Co.* v. *Block, 55 N. J. L.* 605.

But the defendants further contend that the refusal of the Circuit Court judge of a new trial on rule to show cause after verdict "was an abuse of discretion."

The ground then stated for a new trial was "because of the deliberate attempt made by plaintiffs' counsel at the trial to excite religious prejudice in the minds of the jury."

In disposing of this point it is sufficient for present purposes to say that here there was no abuse of discretion.

It is true that the plaintiffs' counsel in the course of his examination of a witness asked a question which, upon defendants' objection, was overruled by the trial judge on the ground that it was irrelevant. It is also true that immediately following such action by the judge, in a colloquy between counsel, Mr. Brown, plaintiffs' trial lawyer, made remarks which the trial judge regarded as tending to excite religious prejudice against the defendant. To these remarks defendants' counsel made no objection at the trial, seeming content to speculate upon the jury's rendering a verdict in his favor; but the trial judge, on his own initiative, admonished plaintiffs' counsel and instructed the jury to disregard the objectionable remarks, to which course no objection was made at the trial. In these circumstances there was no abuse of discretion in denying a new trial, on a rule to show cause after verdict, because of such objectionable remarks.

In such a situation as arose at the trial of the present case it was, of course, open to defendants' counsel to request the judge, either to admonish plaintiffs' counsel or to instruct the jury to disregard the objectionable remarks, and a failure of the judge so to do, with an exception thereto, would form

the basis for a valid ground of appeal. *Smith* v. *Brunswick Laundry Co.*, 93 *N. J. L.* 436; 108 *Atl. Rep.* 184. Here, although no such request was made by counsel, the trial judge, with scrupulous care, performed the duty which such a request, if made, would have cast upon him, for as we have indicated, he properly admonished plaintiffs' counsel and instructed the jury in an unexceptionable manner to disregard the objectionable remarks.

The judgment brought up for review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.