BERTHA FALK AND THEODORE FALK, PLAINTIFFS-APPELLEES, v. STANLEY FABIAN CORPORATION OF DELAWARE, DEFENDANT-APPELLANT.

Submitted May term, 1934—Decided November 16, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiffs-appellees, *Nathan S. Goldman* (*John W. McGeehan, Jr.,* of counsel).

For the defendant-appellant, *Coult, Satz & Tomlinson* (*Joseph Coult,* of counsel).

PER CURIAM.

A judgment was entered in favor of the plaintiffs below for personal injuries and the defendant appeals.

It appears that Bertha Falk, accompanied by her daughter, attended a moving picture theatre, owned and managed by the defendant, and that in leaving her seat in the theatre she fell down the stairs.

The error assigned on this appeal is the denial by the trial court of motions for nonsuit and for direction of verdict for the defendant. No testimony was offered by the defendant on the merits of the controversy.

In disposing of motions of this character the court must regard the plaintiff's testimony in its more favorable light, must take as true all evidence which supports the view of

the party against whom the motions are made, as well as give the plaintiff the benefit of all legitimate inferences that may be drawn from the testimony. The evidence for the plaintiff, under these rules, supports a finding that on leaving the seat in the theatre, which was in what plaintiff calls the "upstairs" part of the house, she reached the aisle used for ingress and egress to that part of the theatre; that there was a carpet on the stairway; that the carpet was laid in the center of the stairway about a foot equidistant from the outer edge of the seats on both sides thereof; that the carpet had a piece of felt underneath it so that the rise of the carpet was about an inch above the floor level; that the carpet was loose so that it moved; that the daughter of the plaintiff, accompanying her mother, almost fell over the carpet edge on which her mother tripped; that the carpet was not tacked down along the edge; also that there was a single light on the aisle about three steps below the place of the accident, which did not afford any illumination to the step where the accident occurred; that the binding of the carpet covering the tread of the step where the accident occurred was in a worn out condition, as shown by the photograph received in evidence, and that from its appearance such worn and frayed condition of the binding must have existed for a space of time sufficiently long to have put the defendant on notice. Under these circumstances, we think the question of the defendant's negligence was for the jury.

The defendant, in maintaining a theatre, "must use ordinary care to make the premises as reasonably safe as is consistent with the practical operation of a theatre" and if it fails in this duty it may be held liable for personal injuries occasioned thereby. *Owens* v. *Associated Realties Corp.,* 81 *N. J. L.* 586; 80 *Atl. Rep.* 325; *Branch* v. *Klatt,* 165 *Mich.* 666; *Valenline Co.* v. *Sloan,* 101 *N. E. Rep.* 102. The jury therefore might reasonably have found that the stair carpet was loose and in a bad condition and that it had been in such condition for a length of time sufficient to charge the defendant with notice thereof. It might also have legitimately found that the defendant had undertaken to illuminate the steps so that patrons coming and going might be

able to observe the conditions confronting them on the staircase, and that it failed to do so properly.

We think the case at bar is clearly within the rule laid down in *Andre* v. *Mertens,* 88 *N. J. L.* 626; 96 *Atl. Rep.* 893.

The judgment below will be affirmed, with costs.