MINA M. OAKLEY v. ERNEST E. RICHARDS et al., Appellants.

Division One, July 5, 1918.

1. **MOVING PICTURE THEATER:** Duty of Owner to Patrons. It it the duty of the owners and operators of a moving-picture theater to see that the place to which they invite their patrons is

reasonably safe for use for the purposes for which it was designed.

2. ———: Step-Off in Floor: Absence of Light. It is a matter of common knowledge that a four-inch depression in a floor is sufficient to cause one to fall who, in the absence of light and knowledge of the depression, steps into or upon the edge of it. So that where the floor upon which were the seats of the moving picture theater was four inches above the aisle, which fact plaintiff did not know, and there was not sufficient light to enable her to see the depression, which brought about her fall, the concurrence of the two constituted negligence, and the jury was warranted in finding that her fall was due to her inability to see the step-off on account of the darkness.

3. ———: ———: Contributory Negligence. Patrons having been invited to enter and leave the moving-picture theater at will during performances, it cannot be said, as a matter of law, that a patron, seeing others using the aisle, which was four inches below the floor on which the seats rested, was guilty of contributory negligence in failing, in the absence of knowledge of the step-off and of sufficient light to enable her to see it, to apprehend that the usual path of exit contained an unsafe place or pitfall. The question was one for the jury.

4. ———: Amending Petition After Proof: Changing Defense: Permissive Ordinance. Where the petition charged that a designated ordinance prohibited inequalities in the floor levels of a theater and a violation thereof, and the answer set up another ordinance containing a like prohibition but subject to exception on written permission of named officials and contained an averment of such permission, and defendant's own evidence totally failed to show any such permission, it was not error to permit plaintiff, after the evidence was in, to amend her petition by interlineation to conform to the proof by adding a charge that the ordinance pleaded by defendant had been violated. The amendment to the pleading did not change the defense, and was right.

5. ———: Floor Level: Inequalities Upon Permission: Inspection. Where the ordinance declared that "no steps shall be permitted in any aisle or in any part of the auditorium floor" of a theater "except by written permission" of named officials, permission cannot be implied from a mere inspection by such officials.

6. ———: Validity of Ordinance: Steps in Aisle: Permission of Officials. An ordinance prohibiting steps in the aisle or on any part of the auditorium floor of a moving-picture theater "except by written permission" of designated officials does not vest an arbitrary power in said officials and is not for that reason invalid. In case a city may prohibit a particular thing, it validly may prohibit it except in case a permit is procured from a designated official; and a city may lawfully prohibit absolutely inequalities in floor levels in darkened theaters, and matters of de-

tail in enforcing ordinances otherwise valid may be left to designated officials.

7. **DEMURRER: Refusal Of Leave to File.** It was not error to refuse leave to defendant to file a demurrer to the petition if the filing of it could not have availed him anything.

8. **MOTION TO ELECT.** A refusal to permit defendant leave to file a motion to compel plaintiff to elect between certain causes of action stated in her petition is not error, if she announced that she elected to stand on certain allegations, and the instructions were based on them, and another was given withdrawing all the others from the jury.

9. **PICTURE THEATER: Step-Off in Aisle: Assumption of Risks.** Where the petition charged that the aisle of a moving-picture theater was four inches lower than that part of the floor on which the seats rested, that such step-off was in violation of a designated ordinance, that such construction was negligence, that plaintiff had no knowledge of such step-off and that there was not sufficient light to enable her to see it, an instruction on the assumption of risks which ignores such allegations is properly refused.

10. ——: ——: **Custom: Contrary to Ordinance.** Custom is no defense to a violation of positive law. Where plaintiff was injured by falling as she attempted to leave her seat in a moving-picture theater, whose aisle was four inches below the auditorium floor, and which construction was in violation of a city ordinance, it was not error to instruct the jury that the fact that the owners of other theaters permitted similar inequalities in the floor constituted no defense.

11. ——: ——: ——: **Proof.** Evidence that about one out of ten theaters in the city had steps from the auditorium floor to the aisle does not prove a customary construction.

12. **JUROR: Impartiality.** Where the talesman testified that his business relations with defendants were such that they might affect his verdict, that he preferred not to sit, that he felt embarrassed to sit as a juror against them, but that he would endeavor to do his duty and would exercise his judgment in returning a verdict according to the law and the evidence, the court did not act arbitrarily in rejecting him.

13. **THEATERS: Difference in Floor Levels: Practicable Construction: Expert Testimony.** It was not error to permit an expert to testify that it was practicable to overcome differences in floor levels in theaters by gradients and inclined planes. It cannot be said as a matter of law that such methods of construction are so practicable that a jury are as capable of drawing correct conclusions on the subject as is an expert.

Appeal from Jackson Circuit Court.—*Hon. Clarence A. Burney,* Judge.

AFFIRMED.

*Park & Brown* for appellants.

(1) The court erred in not taking the case from the jury at the end of plaintiff's evidence. (a) There was no common-law negligence proved. Peck v. Amusement Co., 195 S. W. 1033; Ware v. Evangelical Society, 181 Mass. 285; Bell v. Bank, 28 App. D. C. 580; Hoyt v. Woodbury, 200 Mass. 343; Lord v. Dry Goods Co., 205 Mass. 1. (b) The seats and lights were arranged in the customary manner. Latest devices and methods are not required. Peck v. Amusement Co., supra; Brands v. Car Co., 213 Mo. 708; Chrismer v. Telephone Co., 194 Mo. 208; Bohn v. Railway, 106 Mo. 434; Smith v. Railroad, 69 Mo. 40; Dunning v. Jacobs, 36 N. Y. Supp. 453. (c) The risk was assumed by plaintiff. Pointer v. Mountain Ry. Cons. Co., 209 Mo. 127; Peck v. Amusement Co., 195 S. W. 1033; Lumsden v. Railroad, 114 N. Y. Supp. 421. (2) The court erred in not taking the case from the jury at the end of all of the testimony and in not instructing the jury to find for defendants. (a) There was no common law negligence proved. (b) Ordinance 7667 was complied with. "Written Permission" means merely assent, or acquiescence with knowledge of the facts, evidenced by writing. Warberton v. Woods, 6 Mo. 12; Cowley v. People, 83 N. Y. 471, 38 Am. Rep. 464; McHenry v. Winston, 105 Ky. 310, 49 S. W. 4; Gregory v. United States, 10 Fed. Cas. 1198, 17 Blatchf. 325; State v. Abrahams, 6 Iowa, 122, 71 Am. Dec. 399; Unted States v. Bridge Co., 88 Fed. 893. Municipal license need not be in writing. Boston v. Shaffer, 9 Pick (Mass.) 415; 2 Dillon on Mun. Corp. (5 Ed.), sec. 561n. A written license is merely evidence of the permission and if permission has in fact been given, absence of writing is immaterial, if the applicant has done everything in his power and has been treated.

as the holder of a license. Prather v. People, 85 Ill. 36; Zonone v. Mound City, 11 Ill. App. 339. (c) Section 2 of Ordinance 7667 contains no standard of safety, but makes the lawfulness of the structure depend upon the whim or caprice of the superintendent of buildings and fire warden. It is unconstitutional. Hays v. Popular Bluff, 263 Mo. 516; St. Louis v. Cons. Co., 244 Mo. 489; Baltimore v. Radake, 49 Md. 217; In re Frazee, 63 Mich. 396; State v. Dering, 84 Wis. 585; State v. Mahner, 43 La. Ann. 496; Yick Wo v. Hopkins, 118 U. S. 356. (d) Under her own testimony plaintiff was guilty of contributory negligence as a matter of law, precluding recovery. Pattison v. Amusement Co., 141 N. Y. Supp. 588, 156 App. Div. 368; Rohrbacher v. Gillig, 203 N. Y. 413; Brugher v. Buchtenkirch, 167 N. Y. 153; Piper v. Railroad, 156 N. Y. 224; Hilsenbach v. Guhring, 131 N. Y. 674; Diamond v. Kansas City, 120 Mo. App. 189; Border v. Sedalia, 161 Mo. App. 633. (3) The juror Caldwell was not disqualified and the court erred in sustaining plaintiff's challenge and excusing him from panel. Joyce v. Railway, 219 Mo. 351, 361. (4) It was incompetent for the witness Smith to give his opinion as to the possibility and practicability of a certain method of construction. St. Louis, etc., Co. v. Stock Yards Co., 120 Mo. 550; Koenigrs Railroad, 173 Mo. 720; Benjamin v. Railway, 133 Mo. 289. (5) The court erred in permitting plaintiff to fundamentally change her cause of action by amending her Second Amended Petition. At this stage every amendment is prohibited which substantially changes the cause of action. R. S. 1909, sec. 1848; Pruett v. Warren, 71 Mo. App. 86; The change made was substantial and not permissible. Ingwerson v. Railroad, 205 Mo. 328; International Harv. Co. v. Lanpher, 183 S. W. 1105; Bliss on Code Pleading (3 Ed.), 396; Peery v. Railroad, 122 Mo. App. 182; Ray v. Dodd, 132 Mo. App. 444; Compton v. Railroad, 147 Mo. App. 421; Riley v. Railroad, 124 Mo. App. 278. (6) The court erred in refusing to discharge the jury and to grant defendants a continuance after such radical amendment. McDonald v. Construction

Co., 183 Mo. App. 429. (7) The court erred in refusing to allow defendants to withdraw answer and file demurrer. The amendment *ipso facto* withdrew the petition. Ingwerson v. Railroad, 205 Mo. 335. (8) The court erred in overruling defendants' motion to require plaintiff to elect. Authorities under Point 5. (9) Plaintiff's Instruction 2½ erroneous. Ordinary usage by others in the same line of business is a defense. Peck v. Amusement Co., 195 S. W. 1033; Brands v. Car Co., 213 Mo. 708; Chrisman v. Telephone Co., 194 Mo. 208; Bohn v. Railroad, 106 Mo. 434; Smith v. Railroad, 69 Mo. 40; Harrington v. Railroad, 104 Mo. App. 671. Presumptively other operators had obtained permission to operate their theatres as they were being operated. Hence the instruction violates at least two constitutional principles, (1) that no State shell deny to any person the equal protection of the laws, and (2) the prohibition of special privileges and immunities. Hays v. Poplar Bluff, 263 Mo. 516; St. Louis v. Cons. Co., 244 Mo. 489; Yick Wo v. Hopkins, 118 U. S. 356, 30 L. Ed. 220.

*M. T. Prewitt* and *Hogsett & Boyle* for respondents.

(1) The plaintiff made a case for the jury upon the common-law allegations of negligence in the petition. 38 Cyc. 268; Hollis v. Merchants Ass'n, 205 Mo. 508; 1 Thompson on Neg., secs. 994, 995; Crane v. Exhibition Co., 168 Mo. App. 304; Edling v. Exhibition Co., 181 Mo. App. 327; Murrell v. Smith, 152 Mo. App. 95; Nephler v. Woodward, 200 Mo. 179; Andre v. Mertens, 88 N. J. L. 626; Branch v. Klatt, 131 N. W. (Mich.) 107; Valentine Co. v. Sloan, 101 N. E. (Ind.) 102; Dalton v. Hooper, 168 S. W. (Tex.) 84.; Noack v. Wosslick, 182 Ill. App. 425; Currier v. Boston Music Hall Assn., 135 Mass. 414; Camp v. Wood, 76 N. Y. 92, 32 Am. Rep. 282; New Theater Co. v. Hartlove, 123 Md. 78; Butcher v. Hyde, 30 N. Y. Supp. 1073. (2) Plaintiff made a case for the jury under Ordinance No. 7667. (a) The violation of an ordinance is negligence *per se*. Johnson v. Railroad, 203 Mo. 400; Holland v. Railroad, 210 Mo.

350.; Laun v. Railroad, 216 Mo. 578; King v. Railroad, 211 Mo. 1; Stotler v. Railroad, 200 Mo. 120; Wendler v. House Furnishing Co., 165 Mo. 527; Hirst v. Real Estate Co., 169 Mo. 194; Purcell v. Shoe Co., 187 Mo. 289. (b) The superintendent of buildings did not approve the construction of the step-off in question; but even if he had done so, this would have been no defense. 29 Cyc. 439; Pitcher v. Lennon, 42 N. Y. Supp. 156; Simpson v. Iron Wks. Co., 249 Mo. 388; McRickard v. Flint, 114 N. Y. 222; Carrigan v. Stillwell, 97 Me. 247, 61 L. R. A. 163; Willy v. Mulledy, 78 N. Y. 310; Arms v. Ayer, 192 Ill. 601, 58 L. R. A. 277; Rose v. King, 49 Ohio St. 213, 15 L. R. A. 160. (3) Defendants, by having pleaded and relied upon the Picture Show Ordinance as a defense in their former answer, are now estopped to challenge the constitutionality of said ordinance. (a) The courts do not with patience consider shifting attitudes of litigants. St. Louis v. United Rys. Co., 263 Mo. 426; Lilly v. Menke, 143 Mo. 145; Bensieck v. Cook, 110 Mo. 173; Bigelow on Estoppel (5 Ed.), 673, 717; McClanahan v. West, 100 Mo. 309; Brown v. Bowen, 90 Mo. 184; Smiley v. Cockrell, 92 Mo. 105; Knoop v. Kelsey, 102 Mo. 291; Tower v. Moore, 52 Mo. 118; Choteau v. Gibson, 76 Mo. 39; McGuire v. Nugent, 103 Mo. 161; Coney v. Laird, 153 Mo. 435; McClure v. Clement, 161 Mo. App. 29; Davis v. Wackerle, 156 U. S. 689. (b) Constitutional rights may be voluntarily waived by a litigant, and when waived they cannot be reasserted. Fiedler v. Construction Co., 178 S. W. 765; Roper v. Greenspon, 198 S. W. 1108. (c) Constitutional questions must be timely raised, at the first opportunity possible; and unless so raised they cannot avail a litigant. Hanks v. Hanks, 218 Mo. 674; Lohmeyer v. Cordage Co., 214 Mo. 689; Speer v. Railroad, 174 S. W. 381. (4) The Picture Show Ordinance is not unconstitutional. (a) The ordinance has for its object the safety of theater patrons, and falls within the police power. Ewing v. Chase, 37 App. Cas. (Dist. of Col.) 53; District of Columbia v. Brooke, 214 U. S. 138; Barbier v. Connelly, 113 U. S. 31; Health

Dept. v. Trinity Church, 145 N. Y. 32. (b) The ordinance does not delegate legislative power to the superintendent of buildings and fire warden, but only authorizes them as ministerial officers to exercise a discretion on a matter of safety dependent upon their inspection. State v. Vickens, 186 Mo. 106; Arms v. Ayer, 192 Ill. 601, 58 L. R. A. 277; Block v. Chicago, 239 Ill. 251; Waldo v. Christman, 130 N. Y. Supp. 260; Railway Co. v. Lyons, 155 Ky. 396; United States v. Romard, 89 Fed. 156; Spiegler v. Chicago, 74 N. E. (Ill.) 718; Eubank v. Richmond, 110 Va. 749; Plinklewisch v. Light & Power Co., 115 Pac. (Ore.) 151; Commonwealth v. Maletsky, 203 Mass. 241; Centralia v. Smith, 103 Mo. App. 440; Welch v. Swasey, 193 Mass. 364. (c) The ordinance does not deprive defendants of due process of law. Hulett v. Railway Co., 145 Mo. 35; State v. Shepard, 177 Mo. 243; State v. Mercantile Co., 184 Mo. 183; St. Joseph v. Truckenmiller, 183 Mo. 16; Homes v. Murray, 207 Mo. 418; Matthews v. Railway Co., 121 Mo. 298; Railroad Co. v. Zernecke, 183 U. S. 582; Clark v. Russell, 97 Fed. 900. (d) The ordinance does not deprive defendants of the equal protection of the laws. State v. Brodnax, 228 Mo. 44; Magoun v. Bank, 170 U. S. 293; Hayes v. Missouri, 120 U. S. 68; Barbier v. Connolly, 113 U. S. 32. (e) The ordinance does not provide for the irrevocable grant of special privileges and immunities. State v. St. Louis, 207 Mo. 354. (f) A municipal ordinance is presumed to be legal and valid and will be held unconstitutional only if it appears so beyond a reasonable doubt. St. Louis v. United Rys. Co., 263 Mo. 392; State v. Railroad, 174 S. W. 64. (5) Since the judgment is supported by a finding of common-law negligence, complete in itself, it is not necessary to a decision of this case to pass upon the constitutionality of the picture show ordinance. Plumlee v. Swan Machinery Co., 189 S. W. 581; Thomure v. Railroad, 191 Mo. App. 640; Nelson v. Railway Co., 113 Mo. App. 707; Fiester v. Drozda, 185 S. W. 748; Moyer v. Railroad, 198 S.

W. 842. (6) Plaintiff was not guilty of contributory negligence as a matter of law. Nephler v. Woodward, 200 Mo. 179; New Theater Co. v. Hartlove, 123 Md. 78; Andre v. Mertens, 88 N. J. L. 626; Branch v. Klatt, 131 N. W. (Mich.) 107; Camp v. Wood, 76 N. Y. 92, 32 Am. Rep. 282; Bender v. Weber, 138 Mo. App. 537. (7) There was no error in excusing juror Caldwell. Glasgow v. Railway Co., 191 Mo. 347; Theobald v. Transit Co., 191 Mo. 395; Billmeyer v. Transit Co., 108 Mo. App. 6; State v. Faulkner, 185 Mo. 674; Mc-Fall v. Railway Co., 185 S. W. 1157; Heidbrink v. Railway Co., 133 Mo. App. 40; Carroll v. Railways Co., 137 Mo. App. 248. (8) There was no error in permitting witness Smith to testify that it was possible and practicable to overcome the difference in level between the aisle and seat platform by means of a gradient or inclined plane. Combs v. Construction Co., 205 Mo. 367; Smith v. Fordyce, 190 Mo. 1; Turner v. Haar, 114 Mo. 335; Hamilton v. Mining Co., 108 Mo. 364; Cobb v. Railroad, 149 Mo. 609; Skinner v. Glass Co., 103 Mo. App. 650; Buckalew v. Railway Co., 107 Mo. App. 575; Line v. Mason, 67 Mo. App. 279. (9) The court did not err in permitting plaintiff to amend her petition by pleading the Picture Show Ordinance, or in refusing defendants' motion for continuance, or in refusing to permit defendants to withdraw their answer, or in overruling defendants' motion to require plaintiff to elect. (a) Defendants could not possibly have been surprised by the amendment, for they themselves had pleaded and proven the picture show ordinance, and their own evidence had proven their violation of it. (b) The matter of amendments is one peculiarly within the sound discretion of the trial court, and amendments are favored by the law. Wright v. Groom, 246 Mo. 159; Sonnenfeld v. Rosenthal, 247 Mo. 267; Clarkson v. Lee, 133 Mo. App. 53; Farmington v. Telephone Co., 135 Mo. App. 697; House v. Duncan, 50 Mo. 453; Joyce v. Growney, 154 Mo. 263; Allen v. Ranson, 44 Mo. 267; Carr v. Moss, 87 Mo. 447; Mullery v. Telephone Co., 180 Mo. App. 128. (c) Defendants

did not file any motion to strike out the petition as amended, but answered over and proceeded on with the trial on its merits. They thereby waived their right to object to the amendment. Liese v. Meyer, 143 Mo. 547; Carter v. Baldwin, 107 Mo. App. 228; Grvmes ". Lumber Co., 111 Mo. App. 358; Bernard v. Mott, 89 Mo. App. 403. (d) The granting or refusing of continuances rests in the sound judicial discretion of the trial court. Pidgeon v. Railways Co., 154 Mo. App. 20; Rhodes v. Guhman, 156 Mo. App. 344; Lackey v. Lubke, 36 Mo. 115; Bartholow v. Campbell, 56 Mo. 117; Bank v. Williamson, 61 Mo. 259; Leabo v. Good, 67 Mo. 126; Keltenbaugh v. Railway Co., 34 Mo. App. 147; Railroad Co. v. Holliday, 131 Mo. 440; Shirk v. Shirk, 75 Mo. App. 573. (e) There was no error in refusing defendants' leave to file a demurrer to the petition as amended. The petition stated facts sufficient to constitute a cause of action and the demurrer tendered by defendants was frivolous. And defendants waived the point by answering over and proceeding on with the trial of the case on its merits. Cases cited under subpoint (c) above. (f) There was no error in overruling defendants' motion to elect. Plaintiff did elect. (10) Plaintiff's instruction 2½ is not erroneous. Austin v. Shoe Co., 176 Mo. App. 571; Fairfield v. Bichler, 190 S. W. 33. (11) Instruction I was properly refused because a patron of a moving picture show does not assume risks due to defendants' negligence. Pointer v. Constr. Co., 269 Mo. 128; Valentine Co. v. Sloan, 101 N. E. (Ind.) 102.

BLAIR, J.—This is an appeal from a judgment respondent recovered for damages for injuries she received from falling when she attempted to pass from her seat into the aisle of a moving-picture theater owned and operated by appellants. The evidence conflicts. That for respondent tends to show the theater was quite dark; she was unable to see the floor at her feet; she could see, merely as a dark object, her companion who preceded her into the aisle; she left

her seat and walked toward the aisle; as she did so she held to the back row of seats in front of her; the seats were upon a platform or floor which at the end of the row in which respondent had been seated was four inches above the level of the aisle; as respondent attempted .to enter the aisle her heel was caught or placed upon the edge of the floor upon which the seats stood and she lost her balance and fell; she was seriously injured. She had not previously visited the theater. There is no dispute that patrons were invited to enter and leave, and did enter and leave, the theater at will during performances.

Numerous errors are assigned. Other facts can best be stated in connection with the particular questions to which they are relevant.

I. It was the duty of appellants to use ordinary care to see that the place to which they invited their patrons was reasonably safe for use for the purposes for which it was designed. [Hollis v. Merchants' Assn., 205 Mo. l. c. 520.] The jury was warranted in finding that respondent's fall was due to her inability to see the step-off on account of the darkness in the theater. "It is a matter of common knowledge" that a four-inch depression in a floor "is sufficient to cause one to fall" who, in the absence of light and knowledge of its presence, steps into or upon the edge of it. [New Theater Co. v. Hartlove, 123 Md. l. c. 86.] It is not contended the presence of the step-off, alone, was negligence. It was the absence of light sufficient to enable respondent to see the depression which brought about her fall. The evidence was sufficient to warrant a finding of negligence. [Valentine Co. v. Sloan, 53 Ind. App. 71; New Theater Co. v. Hartlove, 123 Md., supra; Andre v. Mertens, 88 N. J. L. 628; Marwedel v. Cook, 154 Mass. 235; Little v. Holyoke, 177 Mass. 116; Faxon v. Butler, 206 Mass. 504; Marston v. Reynolds, 211 Mass. 592; Nephler v. Woodward, 200 Mo. 179; Camp v. Wood, 76 N. Y. 95; Currier v. Music Hall, 135 Mass. 414.] Appellants

*Negligence.*

rely upon cases holding that steps and stairways of ordinary construction are reasonably safe when used as means of overcoming differences in level. They do not decide the question in this case. [Little v. Holyoke, 177 Mass. 116.] Peck v. Yale Amusement Co., 195 S. W. 1033, is cited. In that case the evidence failed to show what caused the injury. Mrs. Peck was familiar with the stairway, and the light was like that usually found in moving-picture theaters. In attempting to use a properly constructed stairway of the presence of which she had previous knowledge, she fell, and from her evidence "no court could say just what did cause her fall." That case is not in point. The question of negligence in this case was for the jury.

II. The question of contributory negligence was for the jury. The passage between the seats led into the aisle as a means of egress. Seeing others use the aisle and invited to use it herself, "can **Contributory** it be said, as a matter of law, that a person **Negligence.** seeking to leave a public theater, and following the only path leading to an exit, should apprehend that that path contained an unsafe place or pitfall or the like?" [Branch v. Klatt, 165 Mich. 671.] In the same case it is said that "the very fact of the premises being maintained in a darkened condition might give added assurance of its being reasonably safe." The evidence fairly supports a finding against contributory negligence. [New Theater Co. v. Hartlove, supra; Andre v. Mertens, supra; Nephler v. Woodward, 200 Mo. 188; Lewis v. Shows Co., 98 Kan. 148; Marston v. Reynolds, supra; Faxon v. Butler, supra; Marwedel v. Cook, supra.]

III. The petition originally counted on (1) common-law negligence, and (2) violation of Section 156 of the Building Code. The answers pleaded at length **Amending** Ordinance No. 7667, which purports specifi- **Petition.** cally to regulate, in some respects, moving-picture shows. It contains this provision: "No steps shall be permitted in any aisle or in any part

of the auditorium floor, except by written permission of the Superintendent of Buildings and Fire Warden.'' The answers averred this ordinance repealed Section 156 of the Building Code insofar as it applied to moving-picture shows. They also averred the building was inspected and approved by the Superintendent of Buildings and Fire Warden, and, subsequently, a license to conduct the show was issued. Appellants offered evidence tending to show the plans for remodeling were approved by the Superintendent of Buildings, and that the Fire Warden inspected the premises after the work was completed. No formal written permission to install the step-off was in evidence, and no writing of any kind, signed by the Fire Warden, was offered. Appellant owners testified they knew of no other permits having been issued. After the evidence was in, respondent secured leave to amend her petition by interlineation to conform to the proof by adding a charge that Ordinance 7667 had been violated.

The amendment to the pleading did not change the defense. Appellants' answers had been on file nearly six months. Those answers pleaded Ordinance 7667 in full, and pleaded inspection and approval thereunder by the Superintendent of Buildings and Fire Warden, and the subsequent licensing of the theater as a defense to the action. Compliance was essential to such defense. Counsel contended then and contend now that their evidence showed, as a matter of law, that appellants had complied with the provision requiring written permission for the installation of the step-off. Every official who acted in the premises was put on the stand. Proof was made by appellants that every writing issued by the officials was in evidence. The issue was fully tried. There was a total failure of written permission by the Fire Warden. Indeed, the proof was he had given no such permission. This proof was made by appellants. One charge in the petition was that a provision of a designated ordinance prohibited inequalities in floor levels. Ordinance 7667 contained a like prohibition, subject to exception on

written permission of named officials. The substance of the charge in the original petition was a violation of an ordinance prohibition against inequalities. The substance of the amendment was a like charge. The differences lay in the number of the ordinance. That ordinance was pleaded by appellants, and the issue respecting compliance with it was tried at length. In such circumstances the allowance of the amendment was right. [Sec. 1848, R. S. 1909; Wright v. Groom, 246 Mo. 163 et seq.; Sonnenfeld v. Rosenthal, 247 Mo. 266, et seq.]

IV. It is urged permission under Ordinance 7667 was shown. No pretense is made that any formal permission in writing was given by any official, and it is clear no written permission of any kind was given by the Fire Warden. Appellants proved the contrary. General definitions of "permission" are of little value. The language of the ordinance is unambiguous. There is no room for a construction that the ordinance could be satisfied by implying permission from inspection of the premises. Appellants had the benefit of an instruction directing a verdict for them if the step-off was no higher than the approved plans indicated.

**Permission.**

V. It is contended Ordinance 7667 is void because of the provision forbidding the employment of steps "except upon the written permission" of certain officials. It is said this vests an arbitrary power in the officials and falls within the principle applied in Hays v. Poplar Bluff, 263 Mo. 516, and like cases.

**Valid Ordinance.**

An ordinance conditionally restricting the exercise of a right, otherwise exercisable without question, and making that exercise dependent upon the arbitrary will of a city officer, may well be held invalid. On the other hand, matters of detail in enforcing ordinances otherwise valid may be left to designated officials. Again, it is held quite generally that in case

the city may prohibit a particular thing, it validly may prohibit it except in case a permit is procured from designated officials. [City of St. Louis v. Fischer, 167 Mo. 662, et seq.; affirmed, Fischer v. St. Louis, 194 U. S. 371.] The arbitrary *exercise* of the discretion would present another question. In this case it is not suggested the city might not lawfully prohibit absolutely inequalities in levels in darkened theaters. It might do so. The case falls within the rule in the cases above cited. [2 Dillon on Municipal Corporations, sec. 598.] The cases cited by appellants fall within the other principle.

VI.    The demurrer appellants asked leave to file was general in character except insofar as it questioned the validity of Ordinance 7667. That ordinance was **Demurrer.** valid. The petition was not vulnerable to this sort of attack. It is not now denied, as we understand it, that it states a cause of action. The filing of the demurrer could have availed appellants nothing.

VII.    After the amendment to the petition, appellants asked leave to file a motion to require respondent to elect between the section of the building **Motion to Elect.** code pleaded and Ordinance 7667. Respondent immediately announced she elected to stand upon the common-law allegation and Ordinance 7667. She thereupon requested instructions, which were given, withdrawing from the jury the section of the building code and directing them to disregard it. No formal filing of a motion to elect could have secured appellants more.

VIII.    The trial court was right in refusing the instruction on the assumption of risk. The instruction ignored the question whether there had been a violation of the ordinance pleaded. It also ignored the **Assumption of Risks.** question whether the usual construction and lighting of theaters in Kansas City was negligent. Other instructions refused commented on

the evidence or ignored substantial questions or contained improper assumptions. Twenty instructions were given for appellants. These presented their case in a favorable light.

Instruction 2½ given for respondent told the jury, in substance, that if appellants permitted a step in the floor without the permission required by Ordinance 7667, the fact that other theater owners permitted similiar steps constituted no defense. Courts do not permit the defense of custom to be made to violations of positive law. Further, the evidence showed no customary construction like that appellants insist was harmless. There was evidence that about *one out of ten* theaters in *Kansas City* had steps in the floor. The objections made to this instruction are not tenable.

Custom.

IX. There was no error in sustaining the challenge to the talesman Caldwell. He testified his business relations with appellants were such that they might affect his verdict; that he preferred not to sit; that he felt "embarrassed to sit as a juror against these two men." He further stated he would exercise his judgment in returning a verdict according to the law and the evidence; that he would endeavor to do his duty. There is no ground for saying, in these circumstances, that the trial court acted arbitrarily in rejecting Caldwell. He heard Caldwell's testimony, observed his demeanor and was in a better position to pass upon the question the challenge presented. We are cited to no case which, in a like situation, holds a like ruling reversible error.

Juror.

X. It is argued that it was error to permit an expert to testify that it was practicable to overcome differences in floor levels in theaters by gradients or inclined planes. It is said the jury was as able to draw conclusions upon this question as was the expert. All will agree differences in levels can be overcome in the manner stated.

Expert Testimony.

Whether such methods of overcoming them in theater floors are practicable is another question. The evidence falls within the rule in Combs v. Construction Co., 205 Mo. 391, and was admissible.

Affirmed. All of the judges concur; *Bond, P. J.,* in result.