JOSEPHINE DAVIDSON, APPELLANT, v. MISSOURI ORPHEUM CORPORATION, A CORPORATION, RESPONDENT.—161 S. W. (2d) 707.

Kansas City Court of Appeals. April 6, 1942.

*William F. Knowles, Paul C. Sprinkle* and *Sprinkle & Knowles* for respondent.

*Allan R. Browne* and *K. L. Stockman* for appellant.

CAVE, J.—This is an action to recover damages for personal injuries alleged to have been suffered by the plaintiff while going to her seat in defendant's theatre building. The cause was tried to a jury, resulting in a verdict for the plaintiff in the sum of $3,000. Defendant filed motion for new trial and the court sustained the motion on the sole ground that defendant's demurrer to the evidence should have been sustained. Defendant's motion to arrest the judgment was also sustained. From such order the plaintiff perfected her appeal to this court. The defendant does not urge any other ground justifying the sustaining of its motion but joins issue with the plaintiff on the one ground assigned by the court.

Plaintiff's petition alleged the incorporation of the defendant and that it operated the Orpheum Theatre at Kansas City; that on or about the 19th day of May, 1940, she was a patron of the theatre, and then charged negligence as follows:

"Defendant negligently failed to provide reasonably adequate lighting under the circumstances, and although defendant undertook to usher plaintiff to a seat and although said usher of defendant was equipped with an electric torch or flashlight, yet he negligently failed to flash the same or light plaintiff to her seat, so that as she was attempting to feel her way to the seat indicated by said usher and in the darkness she tripped over some object, the exact nature of which is unknown to her, and which defendant had negligently allowed to project from and to be under seats where patrons were likely to trip on the same, and fell and injured herself, all because of such negligence of the defendant."

The answer was a general denial, coupled with a plea of contributory negligence, and that the seats and ventilators in the theatre were constructed and in the position required by Section 33-12 of the Building Code of Kansas City.

The evidence discloses that plaintiff and her husband were attending the picture show in defendant's building on Sunday afternoon, May 19, 1940. The picture screen was in the west end of the building. There was an aisle along the south wall, and then a row of seats with about fourteen seats in each row, and then another aisle, which will be called aisle No. 2. Plaintiff and her husband entered the picture show in aisle No. 2 and followed the usher about one-half the distance of the room, where they turned and entered the passageway between two rows of seats. There were two vacant seats or chairs to the south which they intended to occupy. The room was dark and the plaintiff first entered the passageway between the two rows of chairs. What occurred when she went toward the vacant seat, she tells in this manner: "I started into the row, some of the people arose but some did not; some remained seated, and I proceeded, I should judge, about possibly five or six seats, and suddenly my leg just crumpled under me. My foot came in contact with something on the floor, as I was moving sideways, and I could not

regain my balance and I just fell on my left side, onto the floor, and down in front of the people who were seated. . . . Q. Did you know at that time what the object was that you had struck? A. No, sir." Some two or three months after the accident she and her husband went back to the place where she fell to determine what it was her foot struck. They took a flash light and upon examination found, for the first time, the ventilator under the chair, and from that examination they concluded she had struck her foot against such ventilator. It was a mere conclusion. Her husband first testified that the ventilator extended about two inches beyond the line of the legs of the chairs but during the trial he went to the theatre and with a straight-edge tested and found that when the straight-edge was placed against the back of the legs of the chairs it merely touched the nearest edge of the ventilator, and he returned to the witness stand and so testified.

Plaintiff now contends that when she was passing the patron who was seated in one of the chairs and who did not arise or turn her knees to one side, that it was necessary for her to extend her feet forward and under the chair in front in order to pass, and that was the manner in which plaintiff's foot contacted the ventilator. But we must observe here that there was no evidence in the record that plaintiff moved along the passageway in such a manner. Such other facts as are necessary will be discussed in the opinion.

The theory of negligence charged in the petition and submitted in plaintiff's principal instruction is that defendant undertook to usher her to a seat in its darkened theatre and that the usher negligently failed to light the space between the rows of seats she was entering and because of such failure she tripped over a ventilator which defendant had negligently allowed to project from under the seats and where patrons were likely to trip on the same.

Defendant was not an insurer of plaintiff's safety; but was required to use only ordinary care to keep and maintain its premises in reasonably safe condition for its invitees. [Stein v. Buckingham Realty Co., 60 S. W. (2d) 712.]

The evidence is, that what is referred to as the legs of the chairs, are solid boards fastened to the floor and extending upward above the folding part of the chair and with an arm rest at the top. The back of the chair extends above this arm rest several inches. It is undisputed that the ventilators do not extend beyond the chair legs and into the path of a patron going to a seat; and that the backs of the chairs incline backward and if a plumb line is drawn from the top of a chair to the floor the ventilator is 11¾ inches from that line, and the legs of the chairs are 11½ inches therefrom. Plaintiff testified she entered this passageway facing the picture screen and with the front part of her body toward the back of the chairs in front of her; that she was in an erect position as she moved along sideways toward the vacant seat; that she had no recollection of holding to the

top of the chairs in front of her. She was looking toward the picture being shown on the screen, and while so moving along her left foot "came in contact with something on the floor" and she fell. Plaintiff's shoes were nine inches long from heel to toe and the part of her foot striking the object was back above three inches from the toe. Therefore, her foot could not have struck the ventilator if she was walking in an upright position, as she says she was. It would have been necessary for her feet to have been extended forward and out of plumb line several inches before she could have contacted the ventilator. It is argued that we should infer that such was her position because she was crowding through a narrow space between other patrons and the chairs in front. We cannot indulge in such an inference, because she says that was not her position, and for the further reason that she could not extend her feet forward sufficiently to contact the ventilator and retain her balance without holding firmly to the back of the seat in front of her and she does not claim to have done so. We will not draw inferences contrary to plaintiff's evidence, or when such inferences would contravene a recognized natural law. In the case of Kibble v. Railroad Co., 285 Mo. 603, 227 S. W. 42, l. c. 46, the Supreme Court said: "When established physical facts and common observation and experience conflict with the testimony of a witness, such testimony does not amount to substantial evidence of the alleged facts testified to and cannot be accepted as the basis of a verdict and judgment." This doctrine has been followed and applied many times under various sets of facts. Some of such cases are: Miller v. Schaff (Mo.), 228 S. W. 488; Mahl v. Terrell, 342 Mo. 15, 111 S. W. (2d) 160; State ex rel. Kansas City Southern R. R. Co. v. Shain, 340 Mo. 1195, 105 S. W. (2d) 915.

Furthermore, the mere fact that plaintiff was injured by falling in defendant's theatre is not of itself evidence of defendant's negligence, Pointer v. Construction Co., 269 Mo. 104; but the plaintiff must plead and prove defendant was guilty of a breach of some duty it owed her, and that such breach was the proximate cause of her injury. [King v. Ringling, 145 Mo. App. 285.] We think the evidence fails to meet that requirement. She does not know what her foot struck, but concluded it was a ventilator when she and her husband investigated the place some two or three months after the accident. It could have been the leg of a chair or some other object for which defendant would not be liable. It is well established that a verdict and judgment cannot be permitted to stand if the evidence leaves the inference of actionable negligence open to conjecture or speculation. [King v. Ringling, supra; Hamilton v. Railroad Co., 318 Mo. 123, 300 S. W. 787.] The Supreme Court has said, "if the plaintiff's own showing puts the evidence in equipoise as to whether or not the accident resulted from a cause for which the defendant is responsible, plaintiff has not made a prima facie case." [Wills v. Berberich's

1030

Delivery Co., 134 S. W. (2d) 125, 131.] We think this case falls within that rule.

Plaintiff cites a number of cases to support her contention that a submissible case was made. Oakley v. Richards, 204 S. W. 505, was a case where there was a step off directly in the path set aside to be used by patrons. Nephler v. Woodward, 200 Mo. 179, is a case where a patron caught her foot in a hole in the rug on the principal aisle used by persons going to or from their seats. Such defects were immediately in the path of travel. Those cases are not in point. A number of cases are cited in support of the proposition that a property owner must keep his premises in a reasonably safe condition. That is true, but such cases have no application to the facts in this case. She also cites a line of cases discussing liability for failure to properly light a stairway or corridor used by guests or invitees. Some of such cases are: [Petera v. Railway Exchange, 42 S. W. (2d) 947; Stein v. Buckingham Realty Co., *supra*; Fencht v. Parkview, 60 S. W. (2d) 663.] We will not discuss each case, but a reading of the opinions will disclose they do not rule the matters we have under consideration here. It is common knowledge that a theatre where pictures are shown cannot be a well lighted place, and there is nothing in this record disclosing an unusual lack of lights while the pictures were being shown.

We should add that the chairs in the theatre had been installed in accordance with the building code of Kansas City.

After carefully reading the record and considering authorities relied on, we conclude that the trial court did not commit error in sustaining defendant's motion for new trial on the ground that a demurrer to the evidence should have been sustained. So believing, we affirm the order. All concur.