CLARA DONDERO, RESPONDENT, v. TENANT MOTION PICTURE COMPANY, APPELLANT.

Submitted March 22, 1920—Decided June 14, 1920.

The reasonableness of any human action is to be judged by the circumstances which induces it, and where a patron of a theatre is invited to enter it by way of a level platform, from which aisles lead to the seat he is expected to occupy, it is not conclusive evidence of contributory negligence on his part, if he proceeds to the logical conclusion of the invitation by a way provided by the owner of the premises, and if the invitation to enter includes the use of a seat to be found in a darkened room, by a way provided by the owner, without warning given of a pitfall therein, by which the patron is injured, contributory negligence is not established, as a matter of law, simply because the patron proceeded without further investigation of the way which he had been impliedly invited to pursue.

On appeal from the Supreme Court.

For the respondent, *Geraghty & Weelans.*

For the appellant, *Scammell, Bodine & Besore.*

The opinion of the court was delivered by

BERGEN, J.  The facts in this case are not seriously disputed and they are, that the defendant was conducting a theatre located on the north side of State street, in the city of Trenton, in which, at the time of the accident which resulted in the injuries to the plaintiff on which this action is based,

the defendant was exhibiting what is called a motion picture show; that to enter the balcony of the theatre steps were provided along each of the eastern and western walls of the building; that the stairways opened on a platform, about four feet wide, running from one to the other, from which there were aisles leading north between the seats provided for the use of defendant's patrons; that the plaintiff purchased tickets for herself and three children, and entered the theatre by the easterly stairway, and when they reached the platform, which was inside the balcony, the room was very dark, and, as the plaintiff testified, she was unable to see anything; that to reach one of the aisles it was necessary to walk a few steps along the platform; that her children preceded her and turned into the first aisle; that in order to enter this aisle and thus obtain seats, it was necessary to descend a few steps; that when the plaintiff reached the aisle she could not see the steps, and in undertaking to go down the aisle, she fell and was quite seriously injured; that plaintiff had not been in the theatre before and did not know of the condition of the aisle, nor that it was necessary to descend steps in order to take a seat; that there was no usher to conduct her to a seat, nor was she warned of the existence of the aisle steps. The plaintiff recovered judgment for the amount of the damages found by the jury, and the defendant has appealed.

But two points are argued—(a) that the court refused to nonsuit or direct a verdict for the defendant upon the ground that the plaintiff contributed to the accident by her negligence in attempting to find a seat in the theatre while it was in total darkness; (b) because the court charged the jury that the plaintiff had a right to assume when she arrived at the balcony that the defendant had complied with the requirements of the law for her safety. The principal matter argued was that the evidence so conclusively exhibited the contributory negligence of the plaintiff that no jury question remained, and this is rested upon the insistence that the defendant was not an insurer and not obligated by law "to pay the consequences of the plaintiff's walking into an obvious or highly

probable danger." We are of opinion that the trial court would not have been justified in taking from the jury the question of contributory negligence. The people who attend an exhibition in a theatre usually expect to find and take a seat, and ordinarily would have the right to assume that in doing so, following a way prepared by the defendant for that purpose, it was safe, in the absence of any knowledge or warning that it was otherwise, at least it was a jury question, under the circumstances disclosed in this case, whether the action of the plaintiff amounted to contributory negligence. The reasonableness of any human action is to be judged by the circumstances which induces it, and where a patron of a theatre is invited to enter it by way of a level platform, from which aisles lead to the seats he is expecting to occupy, it is not conclusive evidence of contributory negligence on his part if he proceeds to the logical conclusion of the invitation by a way provided by the owner of the premises, and if the invitation to enter includes the use of a seat to be found in a darkened room, along a way provided by the owner, without warning given of a pitfall therein, by which the patron is injured, contributory negligence is not established, as a matter of law, simply because the patron proceeded without further investigation of the way which he had been impliedly invited to pursue. A jury might reasonably find that in this case the plaintiff had reached the platform which she was invited to use as an entrance to the seats; that the room was darkened for the purpose of the defendant's exhibition; that there was no usher or other person to whom plaintiff could apply for a light or direction; that her children walked along the platform until they came to the aisle and followed it in safety, perhaps, because, they had knowledge of the steps, or were able to see them. That this plaintiff was bound to stand at the entrance and make no attempt to procure a seat could hardly be expected, and whether she contributed to the accident in undertaking to find a seat was a question of fact and not a legal conclusive presumption of negligence on her part. As said by Mr. Justice Trenchard, speaking for this court in

*Andre* v. *Mertens,* 88 *N. J. L.* 626, where the contributory negligence charged was descending a dark stairway in leaving a theatre, "We think, therefore, that it must be conceded that fair-minded men might honestly conclude that her conduct in proceeding as she did was that of a reasonably prudent person under the circumstances existing at the time. That being so, it cannot be said, as a matter of law, that it was negligence for her to descend the stairs." We are of opinion that under the circumstances present in this case the trial judge committed no error in refusing to nonsuit or a direction in favor of the defendant.

The second point rests upon an alleged error in the charge of the court which was: "They have a right to assume that the company that invites them there has complied with the requirements of law for their safety. Whether the plaintiff should have done something she did not do or whether she was negligent in attempting to move is a question for you." The particular matter complained of in the instruction is, that the plaintiff had a right to assume the defendant had complied with the requirements of law for her safety. It is urged by the appellant "that the vice of this portion of the charge is that it places on the defendant the whole duty, leaving to the plaintiff the right to assume an improbable, if not an impossible, thing." This is not a fair interpretation. The instruction complained of is that the plaintiff had a right to assume that the company, as the owner of the theatre, had complied with the law for her safety. What the requirement of the law was in the given case was not defined, nor was there any request made by the defendant that it should be defined. The abstract proposition stated by the court was not error. A passenger on a railroad train is not guilty of contributory negligence because he assumes that the car he had entered is supplied with all the safety appliances which the law requires, and he has a right to govern his actions on the assumption that the company is using the appliances required by law.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.