# Rutherford, Appellant, *v.* Academy of Music.

*Negligence—Liability of occupiers of premises—Public hall— Dark hallway—Case for jury.*

In an action of trespass to recover damages for personal injuries, sustained in falling down a flight of stairs in a theatre, the case was for the jury and verdict for the plaintiff will be sustained, where there was evidence that plaintiff was proceeding, as directed by an usher, through a hallway, when she fell down a flight of stairs which she did not see. There also was evidence that the hallway was dark, although, as testified by a witness for plaintiff, "light enough to advance in."

The question whether defendant was negligent in failing to provide sufficient light for patrons using ordinary care, was for the jury, and it was error to enter judgment non obstante veredicto.

A proprietor of a theatre, conducted for reward or profit, which the general public is invited to attend, must use ordinary care to make the premises as reasonably safe as is consistent with the practical operation of the theatre and, if he fails in this duty, he may be held liable for personal injuries occasioned thereby.

Argued November 18, 1925. Appeal No. 300, October T., 1925, by plaintiff, from judgment of M. C. Philadelphia County, April T., 1924, No. 1224, in the case of Jane L. Rutherford v. The Academy of Music Corporation. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass for personal injuries. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

356 RUTHERFORD, Appel., *v.* ACAD. OF MUSIC.

Statement of Facts—Opinion of the Court. [87 Pa. Superior Ct.

Verdict for plaintiff in the sum of $480. Subsequently the court, on motion, entered judgment for the defendant non obstante veredicto.

*Error assigned* was making absolute defendant's rule for judgment non obstante veredicto.

*William D. Harkins,* for appellant.

*F. Carroll Fow,* for appellee.

OPINION BY GAWTHROP, J., February 26, 1926:

In this action plaintiff recovered a verdict for injuries sustained in falling down a flight of stairs of a building of which defendant was the proprietor, and a rule for judgment non obstante veredicto was made absolute and judgment was entered for defendant. From that judgment we have this appeal.

Giving plaintiff the benefit of all legitimate inferences which may be drawn from the testimony, the jury could have found the following matters of fact: Defendant maintains the Academy of Music in the City of Philadelphia, in which lectures, entertainments and public gatherings are held. On the afternoon of January 12, 1924, plaintiff went to the Academy and purchased a ticket for a moving picture entertainment. She went in and walked upstairs to the third floor. She was not familiar with that part of the building. When she got to the third floor she handed her ticket to one of the ushers who was standing at one of the doors which led from the corridor into the gallery in which was her seat. The usher took the ticket and said "go around the corridor to No. H." The corridor was dark, but, as testified by a witness for plaintiff, it was "light enough to advance in." As plaintiff was passing carefully through the curved corridor as directed, she noticed "Section G," but before she reached "Section H" she fell down a short

flight of stairs, which she said she could not see, and sprained her ankle. An usher came to her with a flash light and helped her to her seat.

We think the question of defendant's negligence was for the jury. While we have found no decision of the Supreme Court or this Court which is directly in point, it has been held by many of our sister states that a proprietor of a theatre conducted for reward or profit, to which the general public are invited to attend performances, must use ordinary care to make the premises as reasonably safe as is consistent with the practical operation of the theatre, and, if he fails in this duty, he may be held liable for personal injuries occasioned thereby. See Dondero v. Tenat Motion Picture Co., 94 N. J. L. 483, 110 Atl. 911; Andre v. Mertens, 88 N. J. L. 626, 96 Atl. 893; Oakley v. Richards, 275 Mo. 266. Tested by that rule, the question whether defendant was negligent in failing to provide sufficient light for patrons using ordinary care to see the steps on which plaintiff fell was for the jury. We are not unmindful of the fact that places in which plays, moving pictures and certain other forms of entertainment are given must be made substantially dark during the exhibition. But it is a matter of common knowledge that it is the practice of the proprietors of theatres and moving picture establishments to protect patrons against this necessary darkness by equipping ushers with flash lights and requiring the ushers to assist the patrons when they enter such a place of entertainment when it is dark. The law required this defendant to do nothing unreasonable. Reasonable protection to plaintiff under all the circumstances is the measure of its responsibility. Whether it performed its duty was a jury question.

Appellee undertakes to sustain his judgment on the ground that plaintiff contributed to the accident by her negligence in attempting to go to her seat when it was dark where she was walking and she could not see.

We think that it did not conclusively appear that she was negligent, for the reason that the jury could find from the evidence that it was not so dark that it was her duty either to wait until more light was furnished or until assistance was rendered to her. We think it must be conceded that fair minded men might honestly conclude that her conduct in proceeding as she did was that of a reasonably prudent person under the circumstances existing at the time. Therefore, it cannot be said as a matter of law that it was negligence for her to proceed to her seat in the manner she did. It is true that when one walks when he cannot see plainly, the exercise of ordinary care requires greater vigilance than when he can see plainly. The degree of darkness has an important bearing upon the question of contributory negligence in such a case. Under the evidence in this case, the trial judge could not hold that the degree of the darkness was such as to render plaintiff's action negligence per se.

The judgment is reversed, and the record is remitted, with the direction that judgment be entered on the verdict.