## Haugh et al. *v.* Harris Brothers Amusement Company, Appellant.

Argued March 22, 1934. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

 

*A. M. Grossman,* for appellant.

*George T. Walker,* with him *Russell H. Adams* and
*William R. Kalson,* for appellee.

OPINION BY MR. JUSTICE LINN, April 23, 1934:

These appeals are from judgments for husband and
wife in an action to recover for personal injuries to the
wife resulting from a fall in defendant's motion picture
theater. The contentions are that defendant was not
negligent (that the theater was properly constructed
and adequately lighted) ; that the injured plaintiff was
guilty of contributory negligence; and that, if both be
rejected, a new trial should be awarded.

The negligence charged and proved may be said to be inadequate lighting of the foot of a stairway,—in view of its peculiar construction,—intended to be used, as it was, by patrons of the theater.

It is settled that one maintaining a theater, or similar place of amusement for which admission is charged, is not an insurer, but must use reasonable care in the construction, maintenance and management of it, having regard to the character of the exhibitions given and the customary conduct of patrons invited: Durning v. Hyman, 286 Pa. 376, 133 A. 568; Rutherford v. Academy of Music, 87 Pa. Superior Ct. 355; Leckstein v. Morris, 80 Pa. Superior Ct. 352; James v. Smith, 93 Pa. Superior Ct. 485; New Theater Co. v. Hartlove, 123 Md. 78, 90 A. 990; Oakley v. Richards, 275 Mo. 266, 204 S. W. 505; Branch v. Klatt, 165 Mich. 666, 131 N. W. 107; Magruder v. Columbia Amusement Co., 218 Ky. 761, 292 S. W. 341; Andre v. Mertens, 88 N. J. L. 626, 96 A. 893; Dondero v. Tenant Motion Picture Co., 94 N. J. L. 483, 110 A. 911.

The plaintiffs, after paying the required admission fee, occupied seats in the balcony through a "complete show." While a picture was still showing, they began to leave the theater by descending[1] stairs which led part of the way to the floor below; at the foot of these stairs an opening into the floor below was protected by an iron railing, which required them, after reaching the foot of the stairs, to turn either to the right or to the left,[2] and take another stairway leading down along the railing to the floor below. While descending the stairs, Mr. Haugh walked on plaintiff's right side, having hold of her arm. The theater was, of course, dimly lighted; at

[1] This was the first time plaintiff had been in the theatre, and, as they nad entered the balcony from the top, they were using these stairs for the first time.

[2] The passage to the left appears so narrow that a person descending would naturally go to the right.

the ends of the rows of seats, on alternate sides and on alternate steps, there were 15 watt lights, illuminating less than 30 inches out on the steps. These steps were 50 inches long with 8 inch risers. When almost at the bottom, Mrs. Haugh bore slightly to the right, perhaps prematurely, but, in any event, in such way that she stepped from what was a seat platform and not a step, and, failing to find a step, fell. The nearest light on the seats was on plaintiff's left (her husband's side), and, as has been stated, could not have illuminated more than 30 inches of the stairway from that side; it furnished no light to the side on which she was, at that point. The stairway was not centered with the railing guarding the opening to the floor below (toward which they were walking), but was slightly to the left of the center as they descended. There was about the width of a step between the bottom of the steps and this railing, so that one descending the middle of the steps would find himself cramped for room. To the left of the steps (in a sense, bounding them) there were seats on every seating platform, while to the right there were no seats for some distance in on the seating platform just above the railing. The seats to the left made it impossible to get off the steps, but there was no light, railing, or usher to show how far to the right the steps extended and the next to the last step was a continuation of this seating platform.[3] Thus it was natural to assume, in descending, that the steps widened out at this point and that there was a step where plaintiff expected to find one, and not, as was the fact, that there was a 16 inch drop of which no warning was apparent. As was contended in the argument, this created a physical condition which a jury might properly find required lighting.

---

[3] The steps were not independent of the seating platform; every other step was a seating platform, but instead of stepping 16 inches down from seating platform to seating platform, there was an eight-inch step between each two seating platforms, thus making a flight of eight-inch steps.

The absence of a light was, in the circumstances, an assurance of safety: cf. Oakley v. Richards, supra. The evidence supports the verdict that there was a breach of duty in this respect.

From what has been said, it is also obvious that contributory negligence cannot be ruled as matter of law. In the circumstances, both plaintiffs were justified in assuming (see Durning v. Hyman, supra) that the terminus of the stairway, partially lighted as it was from the left seat-end, was safely passable in the semidarkness; if the usual interval of 8 inch steps had been maintained over the whole terminus of the stairway, the plaintiff would not have fallen; they were justified in assuming that defendant had done its duty; see the cases cited above and Kulka v. Nemirovsky, 314 Pa. 134.

On the motion for a new trial, complaint was made of the admission of evidence describing the lighting of the theater; there is no merit in the point.

Both judgments are affirmed.

Justices KEPHART and SCHAFFER dissented.