# Hardman, Appellant, *v.* Stanley Company of America.

42

Argued October 6, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Maurice G. Weinberg,* with him *Bertram U. Weinberg,* for appellant.

*John B. Martin,* of *Duane, Morris & Heckscher,* for appellee.

OPINION BY BALDRIGE, J., January 29, 1937:

This is an action of trespass to recover for injuries sustained by the plaintiff, a woman sixty years of age, who fell down the steps in an aisle of the balcony of defendant's theatre.

The plaintiff claims that the injuries were caused by defendant's negligence in having neither the aisle lighted nor an attendant present to warn her of the steps when she entered the balcony. She stated that on the afternoon of September 17, 1934, she visited defendant's theatre for the first time, bought a ticket, and was directed by the usher downstairs to go upstairs as all the seats on the first floor were occupied; she went

to the balcony and, as an usher was not in attendance, started down the middle aisle, in which she saw no lights, to find a seat, and "being it was so dark I didn't see the stoop when you step, I fell and rolled all the way down, and my foot went underneath me." Later, when asked the question if there was a light on the footstep, she replied: "There was a light, like a flashlight on that very aisle." On cross-examination, she testified that she was able to see the opening but that it was "pitch dark."

A witness for the plaintiff, who at the time of the accident was connected with defendant's theatre, testified that the theatre is equipped with lights along the footways and that each aisle "is lighted with a step light, we call them, on the side." The plaintiff contended that this testimony did not establish that the lights on the steps were in repair and use at the time of the accident.

The lower court, at the close of plaintiff's testimony, directed a verdict for the defendant. This appeal ensued.

One maintaining a moving picture theatre, while not an insurer of the safety of patrons, must use reasonable care in the maintenance and management of the premises, having a due regard for the usual conduct of the patrons, so that they may not be unnecessarily or unreasonably exposed to danger: *Haugh et al. v. Harris Bros. Amuse. Co.,* 315 Pa. 90, 172 A. 145.

In this case we are more particularly concerned, for reasons hereinafter appearing, with the question whether the plaintiff's evidence established that she failed to use due care. We will confine our discussion to that proposition, for, if her case discloses contributory negligence, as we think it does, the defendant is not answerable, even if actually guilty of negligence: *Cazzulo v. Holscher et al.,* 261 Pa. 447, 450, 104 A. 680. Her testimony is somewhat conflicting, but, neverthe-

less, she is entitled to have her statements and legitimate inferences therefrom considered in a light most favorable to her.

Accepting plaintiff's account of the accident, she came to the darkened aisle, with which she was unfamiliar, and attempted to enter it without waiting for an usher to assist her or until the lighting was such that she could, with reasonable safety, proceed to a seat. It is universally known in this modern day when practically everyone attends moving picture shows that when pictures are being shown the auditorium is darkened most of the time and ushers are equipped with flashlights to help patrons to their seats. When darkness prevailed, the plaintiff should not have heedlessly entered the aisle of the balcony where the front part is lower than the rear. She should have reasonably anticipated that steps were a necessary part of such a construction and that the floor would not continue on the same level as where she entered the aisle. She knew that she could not see where she was walking, and common prudence should have dictated that it was unsafe for her to proceed.

No decisions of our courts have been called to our attention, and we have found none, where facts existed as here.

In *Conboy v. Osage Tribe No. 113,* 288 Pa. 193, 135 A. 729, the plaintiff was a member of a fraternal organization which rented a room on the third story of a building belonging to defendant. He left the lodge room and attempted to go down an unlighted stairway. Having missed his footing, he fell down the stairway and received injuries. The court held that he was negligent in failing to take proper precautions by securing a light before he proceeded in the darkness.

In *Modony v. Megdal,* 318 Pa. 273, 178 A. 395, defendant, who operated a store, employed plaintiff to do some work and told him to see whether the paint he

had was the kind needed. To reach the place where the paint was, it was necessary for him to pass through one of the aisles of the store to the rear thereof which was dark. He observed, however, that there was an opening in that end of the building, through which he attempted to go and fell into a shaft. It was held there that one who unnecessarily moves about an unfamiliar place at a time when he cannot see is guilty of contributory negligence.

In *McVeagh et al. v. Bass*, 110 Pa. Superior Ct. 379, 171 A. 486, the plaintiff, a customer, entered the defendant's store when it was dark, and, unacquainted with its layout, fell down an open stairway. We held there that when plaintiff attempted to walk forward when she could not see the floor she was guilty of contributory negligence. See, also, *Fordyce et ux. v. White Star Bus Lines*, 304 Pa. 106, 155 A. 98.

In *Leckstein v. Morris*, 80 Pa. Superior Ct. 352, a recovery was permitted. But there the step in a theatre aisle was broken its entire width; the physical construction was in a defective condition, which was not alleged or proven here.

In *Rutherford v. Academy of Music*, 87 Pa. Superior Ct. 355, the plaintiff went into the Academy to attend a moving picture entertainment. She proceeded to the third floor, with which she was not familiar, and handed her ticket to an usher who was standing at one of the doors which led from the corridor into the gallery in which her seat was. He directed her to go around the corridor which proved to be dark. The plaintiff, following the instruction given her, fell down a short flight of steps which she could not see. We held that the plaintiff's contributory negligence and defendant's negligence were questions of fact for the jury. That case differs from the one at bar in that the accident was not in a balcony aisle but in a corridor of a

theatre where one would ordinarily expect a level floor, not steps, unless properly lighted.

In *Smith et al. v. Penn Federal Corp.*, 315 Pa. 20, 172 A. 147, the plaintiffs sued to recover for injuries sustained by the wife in the defendant's theatre. The alleged negligence was inadequate lighting in view of the construction of the theatre. It was shown that in the aisle where the accident occurred there was a combination of ramps and steps and that there were shaded lights at the end of the row of seats immediately in front of the plaintiff and an amber light in the ceiling. It was testified that this character of construction was dangerous because of the tendency for one to think that either steps alone or ramps alone existed. It was held then that the questions of negligence and contributory negligence were for the jury.

In *Haugh et al. v. Harris Bros. Amuse. Co.*, supra, the plaintiff fell going down an aisle when leaving the theatre. The negligence charged was inadequate lighting of the foot of a stairway which had a very unusual construction. Instead of an ordinary step which she expected, there was a 16-inch drop, of which no warning was given. Such a situation could not have reasonably been anticipated.

In *Cathcart v. Sears, Roebuck & Co.*, 120 Pa. Superior Ct. 531, 183 A. 113, the plaintiff fell on an insufficiently lighted bridge or passageway connecting defendant's store with a parking space. We held that in the circumstances there plaintiff had the right to assume the passageway was safe and that adequate warning would be given of any interruption or break in the floor thereof.

Nor do we think this case is ruled by the recent decision in *Vetter v. Great Atlantic & Pacific Tea Co.*, 322 Pa. 449, 185 A. 613, where plaintiff, a trucker, fell when he stepped on refuse on a dark stairway which he was descending to remove rubbish from the base-

ment of defendant's store, as had been his weekly custom. It seems quite clear that the court permitted the plaintiff to recover because the accident was due to defendant's negligence in permitting the refuse to remain on the stairs.

In *Oakley v. Richards* (Mo.), 204 S. W. 505; *Branch v. Klatt* (Mich.), 131 N. W. 107; *Magruder v. Columbia Amuse. Co.* (Ky.), 292 S. W. 341, the construction of the aisles was unusual and dangerous and involved something different from the ordinary series of steps in a theatre.

*Dondero v. Tenant Motion Picture Co.*, 94 N. J. L. 483, 110 A. 911, gives more support to the appellant's contention. There, the plaintiff purchased a ticket to a moving picture in defendant's theatre and went to the platform of the balcony which was very dark. To reach one of the aisles, it was necessary to walk several steps along the platform and then descend a few steps to obtain a seat. When she came to the aisle she could not see the steps and in attempting to go down the aisle she fell and was injured. There was no usher to conduct her to a seat, nor was she warned of the existence of the aisle steps. The court held that when a patron enters a place of amusement, it is reasonable to expect that the way to a seat will be safely provided and that warning of steps will be given; therefore, contributory negligence was not established as a matter of law. While that case has been cited in *Haugh et al. v. Harris Bros. Amuse. Co.*, supra, in support of the principle that one maintaining a theatre must use reasonable care to safeguard invited patrons, we refuse to follow the reasoning and conclusion therein as applicable to the facts in this case.

After giving careful consideration to the arguments of the learned counsel for appellant, we have concluded that the plaintiff's own testimony convicts her of contributory negligence.

Judgment affirmed.