## Rissell, Appellant, v. Lycoming Amusement Company.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Samuel H. Humes,* of *Humes & Baird,* for appellant.

*S. Dale Furst,* of *McCormick, Herdic & Furst,* for appellee.

Opinion by Stadtfeld, J., January 30, 1940:

Kathryn V. Rissell brought an action in trespass against Lycoming Amusement Company, the proprietor of a motion picture theatre. The trial resulted in a verdict for the plaintiff for $2,000. The defendant moved for a new trial, which motion was later withdrawn, and for judgment n. o. v., the latter being granted in an opinion by Larrabee, P. J., concurred in by Rhone, J. This appeal by plaintiff followed.

The appellant purchased a ticket to the theatre, went up to the balcony, waited for an usher to show her to a seat, and began to follow the usher, who was somewhat ahead of her. The theatre was dimly lighted for the performance. The stairs down which the appellant was to follow the usher led from a platform upon which the appellant had emerged onto the balcony and were lighted by fixtures fastened to the ends of every other row of seats on the aisle, and by whatever light came from other dim auxiliary lights and from the screen. The fixture on the end of the seats was screened so as

to throw the light down on the platform and steps. The appellant fell and was injured as she started down the stairs. In paragraph 9 of her amended statement of claim she alleged that the stairs were unsafe in construction and inadequately lighted. At the trial, no evidence of unsafe construction was introduced and inadequacy of lighting was the issue involved. At the argument on the motion for judgment n. o. v. the appellant, through her counsel, contended that the lighting fixtures threw shadows which misled her as to the location of the beginning of the stairs. The appellee contends that the appellant was guilty of contributory negligence as a matter of law.

In the case of *Haugh et al. v. Harris Amusement Co.*, 315 Pa. 90, 172 A. 145, at p. 92, the following rule as to the duty of a theatre owner is laid down: "It is settled that one maintaining a theatre, or similar place of amusement for which admission is charged, is not an insurer, but must use reasonable care in the construction, maintenance and management of it, having regard to the character of the exhibitions given and the customary conduct of patrons invited: (citing cases)." It is a well known fact that lighting in moving picture theatre aisles must be dim so as not to interfere with other patrons who wish to enjoy the picture, and when members of the public enter such a picture theatre, they are presumed to be aware of that fact and are required to exercise caution accordingly.

The main question involved in this appeal is whether appellant was guilty of contributory negligence.

The appellee contends that the testimony of the plaintiff herself clearly shows acts of contributory negligence which should bar any recovery in this action.

The plaintiff's own testimony is, that after she had arrived at the platform in the balcony, at the head of the aisle, she was met by an usher who carried a flashlight and that at the end of each alternating row of seats where the rows abutted on the aisle, there were

small lights contained within louvres which partially lighted the aisles, evidently placed there for that purpose; that as she proceeded down the aisle about four feet behind the usher who had a flashlight with her, the plaintiff said: "Then I went to step down and the step wasn't where I thought it was. There was something like an optical illusion came over me and it didn't show plain enough. What I thought was there, was not."

Plaintiff further stated that she saw the or line of the steps and then stepped down and the step was too far and she fell down and was injured. She was asked: "Q. Why did you fall? A. Because I couldn't see the step there. It was kind of an optical illusion, you thought it was there and it wasn't. Q. Why was that? A. Because there was not sufficient light there to show me the other step."

The plaintiff also testified that she had attended moving picture shows at this particular theatre on other occasions at least once or twice, and that she had been there a short time prior to the date of the injury, on which date she sat on the right hand side, right along the aisle in the balcony, which corresponds to the same locality where she fell on the day in question.

The plaintiff took the risk of finding her way in the dark. That she did this is shown by her own testimony in the case, a part of which is set forth. After stating that she had attended this theatre on former occasions, she was asked: "Q. How did you get down to the seat? A. Well, we walked a little ways ...... Towards the front. Then there are a couple of steps. Then you go a little further and there are some more steps ...... we started down the steps and she (the usher) was about four or five feet ahead of me. I didn't have any light on the steps where I was stepping. Q. How far did you go before you fell? A. As far as the first step where I fell ...... I fell on the steps, on both steps.

I stepped on the first step and I reached the second step maybe half way down when I fell." When she was asked, "Q. Why did you fall down," she answered, "Because I couldn't see where I was going." At another place in her testimony, she testified: "Q. You saw the usher cross the platform, didn't you? A. She was walking ahead of me. Q. But you saw her, didn't you? A. Yes. Q. You saw her walk straight across the platform and down the steps? A. I don't know. Q. But you were watching her? A. I was looking at her, I was behind her. Q. You say you saw the front edge of the platform and you saw there were steps there to step down, didn't you? A. I didn't know whether there was another step there, or not, I walked right on."

Here we have plaintiff's own admission that she "walked right on" down the stairway, in spite of the fact that she admitted that she did not know whether there was another step where she was attempting to step or not. Plaintiff also admitted that when she reached the platform at the top of the flight of stairs which she proposed to descend, there was enough light to see what she termed the "outline of the first step."

The case of *Haugh et al. v. Harris Bros. Amusement Co.*, supra, is distinguishable from the instant case. In that case, the plaintiff fell going down an aisle when leaving the theatre. The negligence charged was inadequate lighting of the foot of a stairway which had a very unusual construction. Instead of an ordinary step which she expected, there was a 16-inch drop, of which no warning was given. The court affirmed a judgment for the plaintiff on the ground that such a situation could not have reasonably been anticipated.

In *Hardman v. Stanley Co.*, 125 Pa. Superior Ct. 41, 44, 189 A. 886, where many of the applicable cases are reviewed, this court said: "Accepting plaintiff's account of the accident, she came to the darkened aisle, with

which she was unfamiliar, and attempted to enter it without waiting for an usher to assist her or until the lighting was such that she could, with reasonable safety, proceed to a seat. It is universally known in this modern day when practically everyone attends moving pictures that when pictures are being shown the auditorium is darkened most of the time and ushers are equipped with flashlights to help patrons to their seats. When darkness prevailed, the plaintiff should not have heedlessly entered the aisle of the balcony where the front is lower than the rear. She should have reasonably anticipated that steps were a necessary part of such a construction and that the floor would not continue on the same level as where she entered the aisle. She knew that she could not see where she was walking, and common prudence should have dictated that it was unsafe for her to proceed."

The cases relied on by appellant are readily distinguishable from the instant case.

It is our opinion that the conduct of appellant constituted such contributory negligence as bars a recovery in this case.

Judgment affirmed.