Argued at Pendleton May 6; reversed May 21;
rehearing denied June 25, 1940

# JOHNSON *v.* MATHEWS-MORAN
# AMUSEMENT CO., INC.

(102 P. (2d) 703)

Department 2.

*Francis V. Galloway,* of The Dalles (Galloway & Krier, of The Dalles, on the brief), for appellant.

*Paul W. Childers,* of The Dalles, and *Harry G. Hoy,* of Portland (Hoy & Prag, of Portland, on the brief), for respondent.

BELT, J.  This is an action by a patron of a moving picture theater to recover damages for personal injuries sustained by falling against the edge of a seat which she expected to occupy. The plaintiff alleges in brief that she was caused to fall by reason of the negligence of the defendant in the following particulars: (1) Failure to provide usher with flashlight to direct her to the seat; (2) absence of signs directing patrons not to enter balcony by western stairway; (3) absence of balustrades or handrails for use in descending from hallways of balcony to loge seats; (4) conducting theater with balcony and loges constructed ''without the safety devices named''; (5) inadequate lighting on the steps leading to the loge seats;

638

(6) permitting front row of seats in balcony to be left in "half open condition." Defendant in its answer denies that it was negligent and alleges as an affirmative defense that the injuries of which plaintiff complains resulted from her contributory negligence in not observing where or how she was walking.

The verdict was in favor of the plaintiff in the sum of $2,000. From the judgment entered thereon, the defendant appeals, assigning as error the refusal of the court to allow its motions for nonsuit and a directed verdict.

In determining whether error was thus committed, the evidence must be considered in the light most favorable to the plaintiff. Plaintiff is entitled to the benefit of every reasonable inference from the evidence. Where different reasonable inferences can be drawn from the evidence relative to the issue of negligence, the question is for the jury. However, if the only reasonable deduction that can be made from the evidence is that the defendant was not negligent or that the plaintiff's negligence was the cause of her injuries, there was no cause to submit to the jury.

The defendant company operates the "Granada", a moving picture theater at The Dalles, Oregon. Plaintiff, a woman 69 years of age, and her daughter, Mrs. Pearl Dakan, purchased tickets for the show. After entering the foyer of the theater, they decided to take loge seats in the balcony where an additional charge was to be paid the usher on duty. The seats of the theater face towards the north and there are two stairways leading to the balcony where the first four rows are reserved as loge seats. Mrs. Dakan and her mother ascended the western stairway. The usher was standing at the head of the other stairway. When plaintiff

reached the balcony landing, the picture was being shown and, for obvious reasons, the house was in semi-darkness. There were, however, small 10-watt lights burning at the end of each row of loge seats along the foot way. Plaintiff and her mother intended to occupy the two seats on the western end of the front row. The second row of loge seats was on the same level as the balcony landing. The first row of loge seats rested on a floor 11 inches below the balcony landing and there were two steps of the same height leading from the balcony landing to the front row of seats.

Mrs. Dakan was standing on the balcony landing, waiting to purchase loge seats from the young lady usher. The plaintiff, who was in front of her daughter, did not wait but proceeded down the steps with the intention of taking the second seat from the end. She descended the first step and then—thinking she had reached the floor level—stepped forward instead of downward to the second step. As a result, she fell forward and struck the end of a seat thereby causing her injury. At approximately the same time, the usher arrived and attempted to assist the plaintiff to her feet. Just before the plaintiff fell, Mrs. Dakan purchased the loge seats from the usher.

The plaintiff thus described the manner in which she sustained injury:

"Well, we went into the theatre and went up in the loges, started to the loges, and when we got there, I didn't see any usher; *there was a small light on the side of the seat and I could see one step,* and I took one step down and I thought I was on the floor, and I went along to the next so I could have the other seat for the both of us, and I went down on the floor, hit myself on the edge of the seat." (Italics ours.)

She further testified:

"Yes, there was no usher there; so I wanted to sit down, I didn't want to stand up there all day so I went to sit down, *and I saw that light, I suppose was on the floor.*"

"Q. You saw the light at the end of the seat? A. Yes.

"Q. You knew where the seat was? A. You could see the seat by the light, that little light shone where the seat was.

"Q. The light showed where the seat was? A. Yes.

"Q. It also showed the step down, didn't it? A. Yes, I could see one step there.

"Q. You could see the pattern in the carpet there? A. No, I could not see no pattern, I didn't see no pattern.

＊　　＊　　＊　　＊　　＊　　＊　　＊

"Q. Well, the step there that you stepped on was broad enough, wasn't it? A. I stepped on it and then I supposed I was on the floor. I went down one step, supposed I was on the floor.

"Q. You just assumed that you were on the floor? A. Supposed I was on the floor when I took one step down. ＊ ＊ ＊." (Italics ours.)

The only specifications of negligence which we need consider are those relating to alleged inadequacy of light and the alleged failure to provide usher service. There is absolutely no evidence tending to show any structural defect in the steps leading to the loge seats. Indeed, the undisputed evidence is to the effect that the balcony of the theater was of standard construction. The law did not require any sign directing people not to enter the balcony on what plaintiff designates as the "wrong stairway". Both stairways were for the use of patrons of the theater. Such specification has no causal connection with the injury. Plaintiff arrived safely on the balcony landing. No evidence

was introduced to show that bannisters or balustrades were practical for the purpose of aiding patrons to reach such seats in safety. Neither was evidence offered relative to the charge of negligence in leaving seat in "half open condition".

■■ In what way did defendant violate its obligation to plaintiff as an invitee to the theater? It is a well-established rule that the operator of a theater is not an insurer of the safety of those who purchase tickets to such places of amusement. He is only required to use reasonable care for the safety of patrons. See numerous cases in note 98 A. L. R. 577. The mere fact in itself that plaintiff fell while descending the steps is no evidence of negligence.

■ In this modern age, when so many people see moving picture shows, it is well known that the theater must be kept in a semi-darkened condition while the picture is being shown. It is also a matter of common knowledge that, when a person comes from a well-lighted street into a darkened room, it requires some time for the eyes to become adjusted to the change in light conditions. How often have we seen the theatergoer "feel his way about" before reaching his seat. All of which suggests that the reasonable thing to do is to wait for the usher with the flashlight. Those who are too impatient to wait for the usher and are content to step where they cannot see are assuming a risk of injury for which the operator of the theater should not be held responsible.

We fail to see wherein defendant was negligent in failing to provide reasonable light. There is no evidence that the lighting of the theater was not in keeping with the standard ordinarily maintained by those engaged in the same business. Does the mere fact that

plaintiff was unable to clearly see the second step speak of negligence? *Perry v. Loew's B. T. Co.*, 291 Mass. 332, 197 N. E. 54. The 10-watt light at each seat end was, according to the undisputed evidence, stronger than those commonly used in theaters. The evidence, without contradiction, is that standard lighting equipment was used by the defendant. Counsel for plaintiff suggests that the light may have been covered with dirt or dust, or that it may have been an old light, but the evidence warrants no such inference. We are not permitted to indulge in such speculation.

■ This was a small theater, having a seating capacity for 800 people. We agree with respondent that, while the theater is in darkness, the operator thereof must exercise reasonable care to see that patrons reach their seats in safety. The usher with the flashlight is an important safety factor. The defendant, however, was not, under the law, required to furnish an usher for every patron. Neither can a patron reasonably expect instant service on the part of the usher.

■ There were few people in the balcony and we are convinced that, had plaintiff waited a moment or two for the usher, this case would not be before us for consideration. We think the only reasonable deduction to be drawn from the evidence is that plaintiff failed to exercise reasonable care to avoid injury. *Olsen v. Edgerly,* 106 Ind. App. 223, 18 N. E. (2d) 937. There was no frayed or ruffled carpet over which she tripped. She merely—according to her own testimony—stepped out into the dark without knowing that she had not reached the level of the floor. Furthermore, we are of the opinion that there is no substantial evidence tending to show negligence of the defendant. We regret plaintiff's misfortune, but see no reasonable ground for

holding defendant responsible for the injuries sustained. To do so would make defendant an insurer of the plaintiff's safety.

We have found no case based on a similar factual situation which supports the contention of the plaintiff. Let it be kept in mind that plaintiff was not injured in the corridor, rest room, or stairway of a theater (*Gunn v. Saenger Erlich Enterprises* (La.), 192 So. 744), but in a room required to be darkened for the purpose of showing pictures. Reasonable care on the part of the defendant would require better light in those parts of the theater not used for showing pictures. In such places the patron might reasonably assume there would be no steps to descend in a condition of semidarkness.

The conclusion reached that plaintiff has no case for submission to a jury is supported by the following well-reasoned cases: *Sugg v. Saenger Theatres*, 15 La. App. 142, 130 So. 817; *Perry v. Loew's B. T. Co.*, supra; *Osborne v. Loew's Houston Co.* (Tex. Civ. App.), 120 S. W. (2d) 947; *Miller v. Poli's New England Theatres*, 125 Conn. 610, 7 A. (2d) 845; *Rissel v. Lycoming Amusement Co.*, 138 Pa. Super. 404, 10 A. (2d) 908; *Rosston v. Sullivan*, 278 Mass. 31, 179 N. E. 173.

Respondent asserts that *Rutherford v. Academy of Music*, 87 Pa. Super. 355, is squarely in point, supporting her contention that the case is one for the determination of the jury. We do not agree. In that case, the plaintiff was injured in a corridor of the theater on account of inadequate light. See *Hardman v. Stanley Co.*, 125 Pa. Super. 41, 189 A. 886, wherein the court, in speaking of the Rutherford case, said: "* * * That case differs from the one at bar, in that the accident was not in a balcony aisle but in a

corridor of a theatre where one would ordinarily expect a level floor, not steps, unless properly lighted.''

The judgment is reversed and the action dismissed.

RAND, C. J., and KELLY and LUSK, JJ., concur.