**VALE v. INDIANA COUNTY THEATERS CO., Inc. (two cases).**

Nos. 7552, 7553.

Circuit Court of Appeals, Third Circuit.

May 22, 1941.

Joseph S. D. Christof, of Pittsburgh, Pa. (McCloskey, Best & Leslie and Artemas C. Leslie, all of Pittsburgh, Pa., on the brief), for appellant.

John E. Evans, Jr., of Pittsburgh, Pa. (John E. Evans, Sr., and Margiotti, Evans & Pugliese, all of Pittsburgh, Pa., and George M. Spence, of Johnstown, Pa., on the brief), for appellees.

Before BIGGS, CLARK, and JONES, Circuit Judges.

JONES, Circuit Judge.

Bessie M. Vale and her husband filed separate suits for damages on account of personal injuries suffered by Mrs. Vale, allegedly through the defendant's negligence. The cases were tried together. At the conclusion of the trial the defendant presented

points for binding instructions which the trial court reserved. The jury returned a verdict for each of the plaintiffs. Thereafter the court ruled the points reserved in favor of the plaintiffs. From the judgments accordingly entered, the defendant appeals.

■ The appellant advances two grounds for reversal, (1) that Mrs. Vale was guilty of contributory negligence as a matter of law and (2) that judgments for the defendant should be entered n. o. v. because the incontrovertible physical facts show that the defendant was not negligent. The facts material to a consideration of the questions thus posed are relatively few and are almost without contradiction. Where contradicted, they will necessarily be viewed in the light most favorable to the plaintiffs as the implications of the jury's verdicts require. Aetna Life Insurance Co. v. McAdoo, 8 Cir., 115 F.2d 369, 370; Cranston v. Baltimore & O. R. Co., 3 Cir., 109 F.2d 630, 632; Muehlhof v. Reading Co., 309 Pa. 17, 19, 162 A. 827.

■ Mrs. Vale, together with a son, a grandson, aged six, and a granddaughter, aged twelve, entered a motion picture theatre operated by the defendant company in Latrobe, Pennsylvania. At the time of their entrance, a picture was being shown. During the progress of the showing, the grandson requested Mrs. Vale to take him to the rest room, which was located in the rear of the theatre at the side of the foyer. The foyer was dark and the only light was a dim sign light indicating the entrance to the rest room. The door into the rest room gave directly from the foyer, with its sill on the level of the foyer floor. Just inside the door, about five or six inches from the sill, there was a step down to the level of the rest room floor. Mrs. Vale had not been in the rest room before and was not aware of the step. Upon stepping through the doorway on to the plane where the level of the floors changed, she lost her balance and fell, thereby sustaining the injuries for which these suits were brought. The rest room was dimly lighted and there is competent evidence that the color scheme of the walls and the carpet of the room served to obscure the existence of the change in floor levels. Federal jurisdiction of the present suits rests upon diversity of citizenship, and, concededly, the rights of the parties are to be determined according to the law of Pennsylvania.

■ Coming to the appellant's first contention, i e., Mrs. Vale's alleged contributory negligence, it is to be observed that she was an invitee and not a trespasser. Her conduct is therefore to be adjudged accordingly. That she had a right to enter the rest room is neither questioned nor open to question. In Dively v. Penn-Pittsburgh Corporation et al., 332 Pa. 65, at page 70, 2 A.2d 831, at page 834, the Supreme Court of Pennsylvania said that rest room facilities "are as much a part of the premises to which patrons are invited as the auditorium itself, and plaintiff, walking into the alcove, over the archway of which was the sign 'Ladies,' was as fully within her rights, and entitled to as much protection, as when seated among the audience at the exhibition". In the Dively case the facts were really stronger against the plaintiff than are those in the instant suits. There the plaintiff, after entering a dimly lighted alcove marked "Ladies", voluntarily took a step into complete darkness and then fell down some steps. None the less it was held that the question of the plaintiff's contributory negligence "was undoubtedly for the jury" and that "the controlling factors in determining the question of contributory negligence in accident cases of this nature are the degree of darkness and the justification for the injured person's presence in the place of danger". On principle the Dively case cannot be distinguished from the present. Mrs. Vale in the exercise of her undeniable right entered a place which, while inadequately lighted, was not in total darkness. In such circumstances, it was not for the court to substitute its judgment for that of the jury upon the relative care exercised by the woman plaintiff. There were facts at issue with respect to the lighting (i. e., "the degree of darkness") which were for the jury to determine. And, on the question of the care exercised by Mrs. Vale, under the conditions found, it was for the jury to take into consideration that she had a right to assume within reasonable limits that the defendant had performed its duty of lighting the rest room sufficiently so as to disclose the difference in floor levels. Murphy v. Bernheim & Sons, Inc., 327 Pa. 285, 287, 194 A. 194. Contributory negligence could not, therefore, be declared as a matter of law. Dively v. Penn-Pittsburgh Corp. et al., supra, 332 Pa. at pages 69 and 70, 2 A.2d 831. See, also, Murphy v. Bernheim

& Sons, Inc., supra, 327 Pa. at pages 288, 289, 194 A. 194.

The appellant contends that the fact that the grandson, who had preceded Mrs. Vale, stepped down into the rest room should, as a matter of law, relieve it of liability on the ground that she was negligent in failing to observe the downward step which the grandson took. But her apparent failure to notice what the child had done was at best only a fact to be considered by the jury with respect to her conduct. She was attending to her own progress as was her duty. Hoffner et ux. v. Bergdoll, 309 Pa. 558, 565, 164 A. 607. Whether, in the moment of time, she saw, or should have seen, the child step down was for the jury to say. The appellant further urges that Mrs. Vale could have called an usher and that she should have stopped when it appeared that she was walking into space. Certainly, she was under no legal obligation to observe the first suggested precaution, and the second is contrary to common sense. Having lost her equilibrium because of the change in floor levels, it was then impossible for her to avoid the operation of the law of gravity.

The most that can be said for the appellant's point on contributory negligence is that it constituted a question for the jury. All of the cases cited by the appellant in support of its contention are clearly distinguishable.[1] But, the appellant argues that Mrs. Vale's injuries must have been the result of her own negligent conduct inasmuch as the defendant was not negligent in maintaining a step to take up the difference in floor levels, citing Haddon v. Snellenburg et al., 293 Pa. 333, 143 A. 8. That the maintenance of the step itself was not negligence may readily be conceded, but to say that, because the defendant was not negligent per se, its invitee must have been negligent is as unsound as it is novel. The defendant's negligence lay in its failure to light the step sufficiently so that it was readily observable to invited users. That such was the defendant's duty is indicated by the Haddon case where it was expressly pointed out, 293 Pa. pages 336, 337, 143 A. page 9, that "where such difference in elevation exists, the place should be sufficiently lighted artificially to enable users to see the step, unless lit by daylight". Whether Mrs. Vale was negligent depended upon a question of fact as to the care she used in the absence of light readily sufficient to disclose the presence of the step.

Little need be said of the appellant's second point, that the court should have found that the rest room was so well lighted that, as a matter of law, the defendant had discharged its duty to disclose the existence of the step. In support of this contention, the appellant relies upon the rule that, where the factual situation shown by a claimant is opposed by incontrovertible physical facts, a verdict in favor of the claimant cannot be based thereon. See Henry, Pennsylvania Trial Evidence, 3d Ed., § 416. But, the rule has no applicability whatsoever to the undefined and varying facts of the instant cases. It "applies only to clear cases, and unless the evidence stands definitely opposed to incontrovertible physical facts or human experience or the laws of nature the case must be submitted to the jury, no matter how strong the countervailing proof may be". Henry, supra. Ross v. Riffle, 310 Pa. 176, 180, 164 A. 913; Bailey v. C. Lewis Lavine, Inc., 302 Pa. 273, 276, 153 A. 422; Hoff et al. v. Tavani, 111 Pa.Super. 567, 573, 170 A. 384. Here, even the rated power of the light was neither admitted nor established beyond question. At the time of the acci-

---

[1] In Wessner v. Blue Ridge Transportation Co., 338 Pa. 161, 12 A.2d 559, the plaintiff had knowledge of the step which caused the injury. Hardman v. Stanley Co. of America, 125 Pa.Super. 41, 189 A. 886, was a case where the plaintiff entered a place that was "pitch dark". In Davis v. Edmondson, 261 Pa. 199, 104 A. 582, 583, the plaintiff walked "in the darkness of the night" over the end of a platform. In Hoffner v. Bergdoll, supra, the plaintiff relied upon another person to guide her. Her duty to observe care, herself, was held to be non-delegable. In McVeagh et al. v. Bass, 110 Pa.Super. 379, 168 A. 777, 171 A. 486, 487, the dangerous condition existed where it was "so dark that she [plaintiff] could not see a thing" in a store not open for business. In Conboy v. Osage Tribe No. 113, 288 Pa. 193, 135 A. 729, the plaintiff, although knowing of the existence of the steps down which he fell, proceeded in total darkness. In Modony v. Megdal, 318 Pa. 273, 178 A. 395, the injury was suffered in complete darkness. And in Smalley v. First Nat. Bank of Wilkinsburg, 86 Pa.Super. 280, the plaintiff voluntarily tested a manifestly dangerous condition by attempting in complete darkness to descend steps which she knew existed.

dent, a table of undescribed dimensions and of unknown light diffusing and reflecting properties was standing immediately under the light, which was bracketed to a side wall. The light absorbing properties of the walls, the carpet and the lampshade, because of their dark color, introduced an element of factual uncertainty with regard to "the degree of darkness" in the room which only a jury could resolve. Certainly, the law furnishes no standard by which the court could have determined whether the light in the room was sufficient to reveal the step to one entering therein. The trial court properly declined to base a conclusion of law upon unknown factors and assumptions. See Ferguson v. Charis, 314 Pa. 164, 168, 170 A. 131, et seq. The facts to which the appellant points as being certain were, at best, only approximations or varying estimates. See Schaeffer v. Reading Transit Co., 302 Pa. 220, 223, 153 A. 323. The question of the defendant's negligence was peculiarly for the jury.

The judgments of the District Court are affirmed.