Henry *v.* Segal, Appellant.

Argued September 29, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Lynn L. Detweiler,* with him *Swartz, Campbell & Henry,* for appellant.

*Maurice Freedman* and *Robert H. Arronson,* with them *Herbert H. Hadra,* for appellees.

OPINION BY WRIGHT, J., December 29, 1953:

Appellant is the owner and operator of a motion picture theatre at 2029 South Third Street in the City of Philadelphia. On November 17, 1951, about 3:00 p.m., Francine Henry, then 7 years and 4 months of age, bought an admission ticket, went into the lighted theatre lobby, and proceeded to enter the darkened portion of the theatre in which the seats were located. The seating area was separated from the lobby by a standing rail four feet high located directly behind the last row of seats. There were openings in this standing rail for two aisles. At each side of these openings there were upright lights in the rail, which lights reflected toward the lobby. The openings in the rail for the aisles were 46½ inches wide. However, the aisle immediately narrowed to 40 inches because of a concrete platform, on which the last two rows of seats were placed. This platform projected into the aisle approximately 3 inches on each side, and was 6 inches high at the rear row of seats. There were no lights along the seats.

The child testified that, as she started to go down one of the aisles to find a seat, she tripped over a "stone" and fell, striking her head. She further testified that she did not see the "stone" because it was dark. No usher was present at the time. Appellee produced a civil engineer experienced in theatre construction who testified that the aisle did not comply with the Philadelphia Building Code as to width. He also testified that, under the circumstances, there should have been floor lights in the aisle or lights along the seats. Appellant, called as on cross-examination, testified as to the lobby lights, that there was addition-

al light from a popcorn machine and a candy counter, and that the lighting in general was adequate to reveal the protruding concrete. He also stated that the condition had existed at least since 1935, during which period no similar accident had occurred. The case was submitted to the jury after a clear and comprehensive charge, which included the affirmance of six favorable points on behalf of the defendant. After a verdict in favor of plaintiffs, appellant moved for judgment n.o.v. The court below denied the motion and this appeal followed.

In his brief, appellant concedes that the child was not guilty of contributory negligence. This aspect of the case was thoroughly covered by the trial judge in his charge. See *Rasmus v. Pennsylvania Railroad Co.*, 164 Pa. Superior Ct. 635, 67 A. 2d 660. Appellant's contention is that there was no evidence of negligence on his part. As has been frequently stated, we must examine the testimony in the light most favorable to the parties having the verdict, and all doubts and conflicts therein must be resolved in their favor: *McDonald v. Ferrebee*, 366 Pa. 543, 79 A. 2d 232; *Miller v. Pennsylvania Railroad Co.*, 368 Pa. 507, 84 A. 2d 200; *Miller v. Hickey*, 368 Pa. 317, 81 A. 2d 910.

A theatre operator, while not an insurer, must use reasonable care in the construction, maintenance and management of his place of business, having regard for the character of the exhibitions given and the customary conduct of the patrons invited: *Haugh v. Harris Brothers Amusement Co.*, 315 Pa. 90, 172 A. 145; *Kmiotek v. Anost*, 355 Pa. 349, 49 A. 2d 695; *Stevenson v. Pennsylvania Sports and Enterprises, Inc.*, 372 Pa. 157, 93 A. 2d 236. In order to establish liability for personal injuries occurring within the theatre, some neglect of duty must be shown which results in the injury complained of: *Rissell v. Lycoming Amusement*

*Co.,* 138 Pa. Superior Ct. 404, 10 A. 2d 908. Lack of illumination alone does not constitute negligence, but must operate in conjunction with some unusual physical condition which places a burden upon the proprietor to furnish adequate light to reveal the danger: *Beck v. Stanley Company of America,* 355 Pa. 608, 50 A. 2d 306.

Appellees contend, not only that the construction of the aisle was faulty but also that, in view of the peculiar construction, the inadequate lighting at the entrance to the aisle constituted improper maintenance. Appellant did not provide aisle lights, and very little light from the lobby was cast upon the protruding platforms. The jury was therefore warranted in finding that appellant's conduct fell below the ordinary and proper standard of reasonable care. Furthermore, the accident happened on a Saturday afternoon when appellant offered a matinee showing attended largely by children. There was no attendant present except appellant, who was at the ticket booth talking to the cashier when the minor plaintiff entered. The failure to provide an usher was an additional circumstance for consideration by the jury. See *Sims v. Strand Theatre,* 150 Pa. Superior Ct. 627, 29 A. 2d 208.

Appellant relies on *Beck v. Stanley Company of America,* supra, and *Wessner v. Blue Ridge Transportation Co.,* 338 Pa. 161, 12 A. 2d 559, but these cases are readily distinguished. In neither case was there sufficient evidence of inadequate lighting or unusual construction. In each case the plaintiff was found to be contributorily negligent. In the case at bar there was no contributory negligence and there was ample evidence upon which the jury could properly base its finding that appellant was negligent.

Judgment affirmed.